Arthur E. Blauvelt, J.
This is a habeas corpus proceeding brought by relator Clyde Tolbert, an inmate of Auburn Prison, who is confined therein pursuant to the mandate of a judgment of conviction rendered in Bronx County Court (Joseph, J.) on November 16, 1949, convicting relator of these three crimes, with sentences imposed thereon to be served consecutively as follows: rape, first degree, 10 years to 20 years; robbery, first degree, 15 years to 30 years; assault, second degree, 2% years to 5 years. The judgment of conviction imposing the punishment above described followed a plea of guilty entered bj^ relator on October 5, 1949, to a seven-count indictment. He was sentenced, as aforesaid, only on the first count (rape, first degree), the second count (robbery, first degree) and the seventh count (assault, second degree), the court having determined that counts 3, 4, 5 and 6 of the indictment were ‘ ‘ inconsistent ” with counts 1, 2 and 7. At the same time, on motion of the District Attorney the court dismissed another indictment pending against relator charging him with several other felonies, including robbery and assault, apparently alleged to have been committed against the person of some complainant other than the one named in the indictment under consideration in this proceeding.
Acting upon relator’s original petition, sworn to on January 27, 1959, this court on February 3, 1959, allowed a writ of habeas corpus which was made returnable on February 24, 1959. On that date a hearing was held on the issue of whether or not the said imposition of separate consecutive sentences on the • robbery and assault convictions, in addition to the separate sentence on the rape conviction, was in violation of the provisions of section 1938 of the Penal Law, which prohibits double punishment for the same act.
Relator appeared in person and without counsel at this hearing and in his oral argument and in his brief which was included in his petition contended that there was a merger of the robbery and assault counts in the rape count, that one set of facts were erroneously charged to constitute three separate crimes and that the judgment of conviction and sentence pronounced was not only double punishment but amounted to triple punishment and therefore illegal as being beyond the jurisdiction of the sentencing court.
*649 In his brief and during oral argument at the hearing, respondent contended that there was no merger of the robbery and assault counts in the rape count, that each count charged separate and distinct acts which were punishable separately and that as neither the crime of robbery nor assault, as charged in the indictment, was an essential element of the rape charge, under the holding in People ex rel. Maurer v. Jackson (2 N Y 2d 259) the consecutive sentences imposed on each count were legal and within the sentencing court’s jurisdiction.
At the conclusion of the hearing on February 24, 1959, this court upon the authority of People ex rel. Maurer v. Jackson (supra), rendered its oral decision from the Bench without opinion and dismissed the writ and remanded relator, an order to that effect having been made and entered thereon in the office of the Clerk of the County of Cayuga on February 27,1959.
On May 6, 1959, the motion of relator to appeal as a poor person from the order dismissing the writ was granted by the Appellate Division of this court (Fourth Dept.) and John J. Costello, Esq., of Syracuse assigned to conduct the appeal. (People ex rel. Tolbert v. Murphy, 8 A D 2d 759.)
On February 4, 1960, the order dismissing the writ was reversed by the Appellate Division of this court (Fourth Dept.) and the proceeding remitted for further proceedings (People ex rel. Tolbert v. Murphy, 10 A D 2d 662) in accordance with memorandum decision which stated in its pertinent part as follows: “ Upon the concession of the Attorney-General that a hearing is necessary and proper to determine whether or not the seventh count of the indictment charging assault, second degree, was merged in the first count of the indictment charging rape, first degree, so as to prevent the imposition of consecutive prison terms, the proceeding should be remanded for such hearing.”
Pursuant to the order of the Appellate Division of this court (Fourth Dept.), upon application of the respondent a rehearing was held in this proceeding on June 1,1960, on the sole issue as to whether or not it was legal and within its jurisdiction for the sentencing court (Bronx County Court) to direct that the sentence on the assault conviction (count seven) should be served consecutively with the sentence on the rape conviction (count one). At this rehearing, relator appeared in person and by his counsel who had been assigned on May 6, 1959, as aforesaid. Respondent appeared by the Attorney-General, and the District Attorney of Bronx County (Civ. Prac. Act, § 1258) appeared by submitting an affidavit in opposition to relator’s petition and *650 writ. The evidence produced at the hearing consisted of the receipt in evidence as relator’s Exhibit 1, over objection by respondent, of a certified copy of a transcript of the stenographic minutes of sentence in Bronx County Court on November 16, 1949; the receipt in evidence as respondent’s Exhibit 2 of a certified copy of the indictment in question (Bronx County No. 837/1949); and the receipt in evidence as respondent’s Exhibit 3 of a certified copy of a transcript of the stenographic minutes of the plea of guilty by relator to all seven counts of said indictment in Bronx County Court on October 5, 1949. After the proofs were closed at the rehearing and following the oral arguments by counsel for relator and respondent, the court reserved its decision, pending filing of briefs by the parties which have now been received and examined.
It is the opinion of this court, based upon the record before it, that the crimes of assault (seventh count) and rape (first count), as charged in the indictment, are separate and distinct offenses, that the assault charged was not a part of nor an essential element of the rape and that the assault did not merge in the rape. (People ex rel. Maurer v. Jackson, 2 N Y 2d 259, supra; People ex rel. Sams v. Murphy, 8 A D 2d 460, affd. 7 N Y 2d 978.) I find from the evidence that after Tolbert had completed his act of raping the complainant and when this 16-year-old girl resisted the efforts of Tolbert’s accomplice Robinson who was attempting to rape her, this relator Tolbert handed a pistol to Robinson so that he could use it by striking her therewith in order to subdue her and accomplish his carnal purpose. Tolbert was clearly guilty of assault, second degree, acting in concert with his accomplice Robinson, by assisting, aiding and abetting the vicious pistol-whipping of the young girl after he (Tolbert) had himself completed his personal act of rape upon her person. These acts constituted the assault alleged in count seven of the indictment, which were admitted by relator when he pleaded guilty thereto. (People ex rel. Carr v. Martin, 286 N. Y. 27, 32.) The acts charged in the seventh count as an assault, which were admitted by Tolbert upon his plea of guilty thereto, were separate and distinct and occurred later in point of time to the acts charged in the first count as rape.
Furthermore, this identical issue has at least twice before this proceeding been presented to and determined by Bronx County Court. On April 13, 1955, on a motion for resentence made by relator in Bronx County Court (Schulz, J.) the motion was denied, the court stating in part: ‘ ‘ The seventh count of the indictment (one of the three counts under which the defendant was sentenced) charged the defendant with assault, *651 second degree, predicated upon Ms striking and beating the complainant with a revolver while acting in concert with his codefendant. Accordingly, as distinguished from an assault with intent to commit the crimes of robbery or rape, the defendant’s pumshment under the seventh count of the indictment was imposed for the commission of a crime that was separate and independent and not ‘ included ’ in either the robbery or rape counts of the indictment under each of which the defendant was likewise sentenced. Furthermore the sentences imposed upon the defendant under his conviction for robbery, first degree, and rape, first degree do not constitute a violation of section 1938 of the Penal Law since separate and distinct crimes were involved.” Again and on February 11, 1958, on a motion made by relator in Bronx Count Court (Joseph, J.) for a correction of this same sentence of November 16, 1949, the motion was deMed, the court stating, in part: ‘ ‘ The motion is in all other respects denied since the court finds that the defendant’s conviction for assault, second degree, under the seventh count of the indictment, was not merged with the conviction for rape, first degree, as it was an independent crime subject to separate punishment.” If the facts developed on the hearing or rehearing in this proceeding had been different, this court would have been put in the distasteful position of being required to reverse two decisions of Bronx County Court, as apparently a prisoner may always invoke the writ of habeas corpus to challenge a sentence claimed to exceed the statutory limits. (People ex rel. Carollo v. Brophy, 294 N. Y. 540.) This procedural anomaly is a deviation from the usual rule wMch questions the propriety of one Judge in effect reviewing the validity of an order or determination of another Judge of co-ordinate jurisdiction. (Mount Sinai Hosp. v. Davis, 8 A D 2d 361.) This is a matter to which the Legislature might well desire to direct its attention. It is fully realized that the practical effect of this decision upon relator is merely a determination that Ms maximum term of imprisonment under the sentence of November 16, 1949, will expire in the year 2004, rather than in 1999 as he urges; however, it seems that there should be some point where the same issue need not be relitigated. Relator made no motion in the trial court in arrest of judgment, nor was any appeal taken from the judgment. He has had at least three opportumties to have the same question again decided since his conviction. Interest rei publicae ut sit finis litium.
This court acknowledges its appreciation of the gratuitous legal services rendered relator by Ms counsel John J. Costello, Esqmre, in this proceeding and regrets that the Legislature has *652 not seen fit to provide some means to compensate him for his services and expenses. His able oral arguments and the written brief filed with the court were most helpful and give evidence of the great amount of time spent in research and thorough preparation for the conscientious representation of his assigned client.
For the reasons stated, this court adheres to its previous decision of February 24, 1959, and directs that the writ of habeas corpus be dismissed and the relator remanded to the custody of the Warden of Auburn Prison.