Chief Judge Desmond.
Section 1938 of the Penal Law is as follows: “ § 1938. Punishment when different penalties are provided by different provisions of law. An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision.” Defendant was in an earlier case indicted with several others for murder first degree as will be explained herein, and in that earlier prosecution was convicted of assault with intent to kill and was sentenced to *172 from 5 to 10 years, which sentence he is now serving. After he had been so convicted and sentenced there was found against him, because of alleged acts on the same night and in the same general transaction as the assault, an indictment charging him with several counts of burglary first and several counts of attempted robbery first. As to this later indictment he pleaded guilty to one count which charged him with attempted robbery in the first degree while being aided by named accomplices. This count to which he so pleaded was the fifth in the indictment, the other counts in that indictment being dismissed at the time of the plea. On this guilty plea to attempted robbery first, defendant was sentenced by the Erie County Court to a 5 to 15-year term to be served after completion of the earlier sentence for first degree assault. Later defendant was resentenced to 5 to 11 years on the attempted robbery first degree, but it was still provided that the robbery first sentence was to be served after, and not concurrently with, the earlier assault first term. From the judgment sentencing defendant to consecutive imprisonment for the attempted robbery defendant appealed to Appellate Division, Fourth Department, which unanimously affirmed, without opinion.
The question is this: Were the elements of the alleged attempted robbery and the elements of the attempted assault first degree so identical in fact that, despite the propriety of prosecuting them as two crimes, double punishment could not follow because of section 1938 of the Penal Law (supra) %
Robbery is the unlawful taking of personal property from the person or in the presence of another against his will by means of force, violence or fear. Attempted robbery first degree is committed when, as here charged, the alleged robber, being assisted by accomplices actually present, attempts to take property from the person of another (see Penal Law, §§ 2, 2120-2124). Assault with intent to kill, the crime for which this defendant was convicted and sentenced after the murder trial, is defined in section 240 of the Penal Law and includes at least the shooting testified to on the murder trial as having been done by this defendant. Defendant says there was one act only charged as the assault and attempted robbery consisting of the firing of a shot at the victim by defendant. The People say that there was first an attempted robbery and then almost *173 immediately after, but separate, the other act of shooting the victim.
Going back to the assault first degree conviction, this was, as we have said, the outcome of the trial of an indictment which charged defendant and five others with murder in the first degree, both common-law and felony, for killing one George Simon who died on January 5, 1959. On that murder trial the trial jury acquitted all the defendants except this defendant and convicted this defendant of assault with intent to kill, presumably because he fired the shot.
The determination as to whether there Avas but one act on which defendant Avas convicted of and ordered punished for two crimes takes us back to the record of the homicide trial. Substantially, the only proof on that trial as to defendant’s connection with the shooting affray consisted of testimony of a police officer as to oral admissions made by appellant Di Lapo. According to these admissions, six young men drove to the area in Buffalo where the intended victim lived. Four of them, including Di Lapo, got out of the car and approached the victim’s house. Two of. them, not including Di Lapo, broke in the door and Di Lapo followed the other two in. According to these admissions, Di Lapo was the last one in and as he came in he heard a voice (the victim’s voice) shouting “ Get out, or I will shoot ” and as Di Lapo turned around he suav a flash of fire from the victim’s gun and Di Lapo fell to the floor, took out his own revolver and fired in the direction from which the victim’s shot had come. Di Lapo’s shot wounded the victim although the jury later found that the victim’s death was not due to the gunshot wound. Several of the other men were still in the house when this exchange of shots took place. All of them ran out without stealing anything.
Section 1938 of the Penal Law (supra) was analyzed and construed in People ex rel. Maurer v. Jackson (2 N Y 2d 259) beginning at page 263. At page 264 Judge Froessel wrote: “ It is clear that if separate and distinct acts Avere committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction ”. The argument for the People in the present case is that the attempted robbery consisted of Di Lapo’s breaking into the house with the intent to *174 steal, thus putting the victim in fear, and that the shooting of the victim was a later, separate act with a separate intent — that is, an intent to kill.
In 1961, in People ex rel. Di Lapo v. Tutuska (9 N Y 2d 910), we affirmed a denial of habeas corpus relief sought by this same Di Lapo. In that habeas corpus proceeding he had asserted that because he had been acquitted of murder on the trial he could not thereafter be prosecuted for any of the underlying felonies attempted to be proven ag*ainst him on the homicide trial. In other words, he sought in that habeas corpus proceeding to knock out the whole of the second indictment, to one count of which he later pleaded guilty. Our affirmance of the denial of habeas corpus was expressly stated to be on the Special Term opinion which is published at 27 Miscellaneous 2d 544. Rejecting the argument of the District Attorney on this appeal, we fail to see how that prior denial of habeas corpus is of any particular relevance here. We agreed with the courts below that habeas corpus did not lie since at least the burglary charge in the indictment would be triable. The defendant thereafter pleaded guilty to attempted robbery, not burglary, leaving open the question we are now passing on.
We hold that on these facts section 1938 does not make illegal the additional punishment on the guilty plea to attempted robbery. It is not impossible to say that there were separate acts or elements making out, separately, assault with intent to kill and attempted robbery, and that double punishment was, therefore, permissible.
The judgment should be affirmed.