THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER BAKER, Appellant.

First Department, March 23, 1967.

*William E. Hellerstein* of counsel (*Anthony F. Marra,* attorney), for appellant.

*Lewis R. Friedman* of counsel (*Michael Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

TILZER, J. The appellant interposed a plea of guilty to the charges of unlawful entry and petit larceny on April 11, 1966. The indictment charged the defendant with the crimes of burglary in the third degree (first count), attempted grand larceny in the first degree and petit larceny. The proceeding before the court was as follows:

(Discussion off the record at the Bench between the Assistant District Attorney, defendant's attorney, and the court.)

(The defendant was duly arraigned.)

Defendant's Attorney: May it please the Court, the defendant, Walter Baker, requests permission to plead guilty to the

misdemeanor of unlawful entry, under the first count of the indictment, and the misdemeanor of petit larceny, the third count of the indictment, said plea to cover all counts of the indictment.

Assistant District Attorney: The People respectfully recommend acceptance of that plea, your Honor.

The Court: Walter Baker, do you wish to plead guilty to the two misdemeanors as offered on your behalf by your lawyer?

The Defendant: Yes.

The Court: By your pleas of guilty, do you admit that on March 7, 1966, at about eight o'clock in the evening, you unlawfully broke into and entered apartment 2B, at premises 27 West 70th Street, in New York County, with the intent to commit a crime therein and did, in fact, steal some personal property belonging to Barry Tischler? Do you admit those acts?

The Defendant: I admit the attempted burglary.

Defendant's Attorney: He is not discussing that.

(Defendant's attorney confers with defendant.)

The Defendant: Yes.

The Court: Do you admit those acts, sir?

The Defendant: Yes.

The Court: Which constitute the two crimes to which you have offered to plead guilty to?

The Defendant: Yes.

The Court: Now, has anyone given you any kind of an indication as to what sentence I would impose upon you, in order to induce you to plead guilty to these crimes? Has anyone made any promise to you of any kind?

The Defendant: No, sir.

The Court: Take the plea.

The Clerk: Walter Baker, do you plead guilty to the crime of unlawfully entering a building, a misdemeanor, under the first count, and petit larceny, a misdemeanor, the third count, both said pleas to cover the indictment? Are they your pleas?

The Defendant: Yes.

(The defendant was duly sworn and pedigreed.)

The Clerk: Date of sentence, Judge?

The Court: Do you wish to be sentenced today? Do you waive your two days' notice?

The Defendant: Yes.

The Court: Second call for sentence.

(Whereupon, a recess was taken in the above proceedings.)

After the recess the following occurred:

The Court: No. 27, Walter Baker.

[The defendant is arraigned at the bar.]

The Clerk: Is your name Walter Baker?

The Defendant: Yes, sir.

The Clerk: Your attorney * * * is present in court.

Baker, do you waive your right to two days' time before sentence?

The Defendant: Yes.

The Clerk: Defendant's attorney.

Defendant's Attorney: Here, again, the defendant was afforded consideration in being permitted to plead guilty to two misdemeanors. I ask Your Honor to deal with him as leniently as possible.

The Court: On each count, Penitentiary, one year, said sentences to run consecutively and not concurrently.

Please advise him of his right to appeal.

[Off-the-record conference between defendant's attorney and the defendant.]

Defendant's Attorney: I have advised the defendant of his right to appeal and the procedure.

The Court: Remand the defendant.

Raised on this appeal is whether the sentences constituted double punishment for a single act in violation of section 1938 of the Penal Law and whether consecutive sentences under these facts are precluded by section 406 of the Penal Law.

Section 1938 of the Penal Law provides as follows: "An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one."

The Court of Appeals in *People ex rel. Maurer* v. *Jackson* (2 N Y 2d 259, 264, 265) formulated standards testing the validity of consecutive sentencing under section 1938: "It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction [cases cited]. It is also not open to dispute that if there were merely a *single inseparable act* violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single *punishment* [cases cited]. * * * We recognize that section 1938 is not by its terms limited to included crimes, although it is clear that the statute will there apply; if, however, the acts are separable, it will not apply."

The statute (§ 1938) and the Court of Appeals in *Jackson* make is clear that in determining the applicability of section 1938 we must direct our attention to the *acts* committed

by the defendant. The defendant, as aforesaid, admitted not only the act of breaking, of unlawful entry, but also a separate act of stealing Tischler's personal property. "The test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent" (*Morgan* v. *Devine,* 237 U. S. 632, 640 [1914]).

The test applied by the Appellate Division, Fourth Department, to section 1938, on the other hand, looks to the motivating force of the transaction to determine whether "separate and distinct acts were committed" (*People* v. *Kelley,* 25 A D 2d 715 [1966]). The *Kelley* procedure which looks to the intent and objective of the criminal, is the interpretation which the highest court of California has given to its statute, section 654 of the Penal Code, which is similar to our section 1938:

"Few if any crimes, however, are the result of a single physical act. 'Section 654 has been applied not only where there was but one "act" in the ordinary sense * * * but also where a course of conduct violated more than one statute and the problem was whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654.' * * *

"Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal* v. *California,* 55 Cal. 2d 11, 19 [1960] [emphasis added], cert. den. 365 U. S. 823.)

The Supreme Court of California has not been unanimous in applying the "intent and objective test." One who has vigorously dissented has been Justice SCHAUER, to whom the writer is indebted for a wide-ranging review of the "intent and objective test." Justice SCHAUER suggests that: "The majority in *Neal* apparently took their formulation of this 'test' from a suggestion of a New York inferior court judge in *People* v. *Savarese* (1952), 1 Misc 2d 305 [114 N. Y. S. 2d 816, 835–836 [15]] (cited in *Neal* at p. 19 [18] of 55 Cal. 2d). That decision, however, has been criticized in the courts of New York (*People* v. *Zipkin* (1952), 202 Misc. 552 [118 N. Y. S. 2d 697, 698–699]), and no subsequent decision of the New York Court of Appeals has been found adopting the suggested rule. New York has a statute materially similar to Penal Code section 654 and upon which our provision was originally based (N. Y. Penal Law, § 1938); yet the highest court of that state continues to inter-

pret and apply it in the light of the principles summarized in *People ex rel. Maurer* v. *Jackson* (1957), *supra*, 2 N Y 2d 259, 264 ''. (*People* v. *McFarland*, 58 Cal. 2d 748, SCHAUER, J., dissenting, p. 771).

As Justice SCHAUER noted, the courts of this State, with the exception perhaps of the Fourth Department, have refused to follow *People* v. *Savarese* (1 Misc 2d 305). The Fourth Department, for that matter, in a case decided some years before *Kelley*, *People* v. *McCall* (16 A D 2d 313, 318 [1962]) held that: '' The act of possessing a hypodermic syringe in violation of section 1747-d and the act of possessing narcotic drugs in violation of section 1751-a are separate acts separately punishable, even though they may be committed at the same time and with the same over-all general purpose of administering narcotics to oneself. The defendant could therefore have been separately punished for each of the misdemeanors of which he was convicted in 1959. The fact that the court happened to have imposed concurrent sentences for the two violations is immaterial; under the *Maurer* case, the court could have imposed consecutive sentences, if it had wished to do so.'' (See, also, *People* v. *Black*, 18 A D 2d 719 [2d Dept., 1962]; *People ex rel. Eldard* v. *La Vallee*, 15 A D 2d 611 [3d Dept., 1961]; *People* v. *Zipkin*, 202 Misc. 552 [Monroe County Ct., 1952].) In *People* v. *Repola* (280 App. Div. 735, 739, affd. 305 N. Y. 740) this court held that '' The factual occurrences in this case disclose that the possession of heroin was only in connection with the sale and included in it. There could, no doubt, have been a possession of the drug apart from the sale and a sale distinct from a possession, but we have no such situation here.'' And in *People* v. *Di Lapo* (14 N Y 2d 170 [1964]) where the Court of Appeals refused to consider the defendant's '' intent '', it was held that '' It is not impossible to say that there were separate acts or elements making out, separately, assault with intent to kill and attempted robbery, and that double punishment was, therefore, permissible.''

Judge BERGAN in his dissent in the last cited case (p. 175), recognizing that the '' test of what is the same ' act ' made punishable in ' different ' ways is not always clear '', observed that a criterion that might be used in applying section 1938 '' is a recognizable differential in the time sequence — one thing done before the next thing starts.

'' This was the standard set in *People* v. *Snyder* (*supra*) [241 N. Y. 81] which treated the breaking into the chicken coop as a burglary separate from the larceny thereafter committed in stealing 30 chickens (pp. 82, 83).''

Here the defendant unlawfully entered, not a chicken coop, but the dwelling house of Barry Tischler. Up to this point the act of the defendant constituted one crime (Penal Law, § 405). The act of the defendant committed thereafter, in stealing a television set of the value of $75 from Barry Tischler, constituted a second crime. Each is subject to separate punishment. Section 1938, it is true, does not permit of easy application. A simple test is most difficult to devise. The best guide nevertheless, as the Court of Appeals indicated in the *Jackson* case (2 N Y 2d 259, 265, *supra*), is an analysis of the acts involved. Each case must be resolved on its own facts.

The defendant, in his attorney's words on sentence, was "afforded consideration in being permitted to plead guilty to two misdemeanors." Such consideration was fully appreciated by the defendant, he having been given the opportunity of pleading to two misdemeanors, one in connection with the burglary charge as to which he was permitted to plead to unlawful entry, and the other to petit larceny to cover not only this count but the second count as well charging grand larceny in the first degree. Moreover, as his counsel well knew, great leniency was shown defendant in the circumstances, for having theretofore been convicted of two felonies, upon a third felony conviction he would have received a very severe sentence instead of the two years actually imposed (on the burglary alone, 5 to 20 years). I must add, with Justice SCHAUER, that such sentences should be reviewed on appeal in a light most favorable to the express or implied finding of the trier of the facts (*People* v. *McFarland,* 58 Cal. 2d 748, *supra*). Review too should take cognizance of the overcrowded condition of our jails, of the fact that it is humanly impossible to try every defendant indicted for a crime and of the benefits flowing from the procedure followed by the court below — a trial was avoided, the defendant's sentence was reduced considerably, thus affecting the future population of our jails, and the prosecutor was free to turn to another case in the mounting volume of crime.

Finally, I believe it is an indication of the invalidity of this appeal that the very counsel who was successful in his request that defendant be permitted to plead to unlawful entry rather than burglary as to the first count, would utilize the regard shown his client as the basis for reversal. Section 406 of the Penal Law provides that a person who enters a building under such circumstances as to constitute burglary and who commits a crime therein, is punishable for the crime as well as for the burglary. Defendant argues that section 406 is a narrowly carved out exception to section 1938 and that unless one has

committed a burglary he cannot be punished separately for two offenses arising out of the same transaction. He points out that unlawful entry is specifically defined (Penal Law, § 405) as an entry "not amounting to a burglary". Nevertheless, as shown above, "if separate and distinct acts were committed, and * * * they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction" (*People ex rel. Maurer v. Jackson*, 2 N Y 2d 259, 264, *supra*). We have held these consecutive sentences to be valid in *People* v. *Molinari* (27 A D 2d 705 [1967]).

The judgment should be affirmed.

CAPOZZOLI and McNALLY, JJ., concur; STEUER, J. P., concurs on constraint of *People* v. *Molinari, supra*.

Judgment of conviction unanimously affirmed.