■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McMILLAN, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered November 15, 1976, convicting him of rape in the first degree and burglary in the second degree, upon a jury verdict, and imposing consecutive sentences. Judgment affirmed. At the trial, the victim of these crimes, a 72-year-old woman, testified that the defendant forced his way into her room at the Hotel Newburgh and brutally beat and raped her. As a result of this incident, she lost five teeth and received four sutures in the back of her head. The only issue on this appeal warranting discussion is the propriety of imposing consecutive sentences. The defendant was sentenced as a second felony offender to consecutive terms of imprisonment of 12½ to 25 years for the rape conviction and 7½ to 15 years for the burglary conviction. Subdivision 2 of section 70.25 of the Penal Law provides: "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently." To determine the applicability of this statute to a particular case, an examination of the record in the case is necessary (People v Di Lapo, 14 NY2d 170). The defendant in this case, according to the testimony, knocked on his victim's door and, when she opened it, "plunged" into the room, grabbed her by the throat and threw her to the floor. Defendant banged her against the floor and said "have a heart attack whitey, die whitey". He then proceeded to rape her. There came a time when the defendant realized that the window shades were up. He dragged her by the hair to the windows and pulled the shades down. The defendant then threw her onto the bed and raped her again. We hold that the Penal Law does not prevent the imposition of consecutive sentences under the facts of this case. It is certainly not impossible to say that there were separate acts making out separate crimes (see People v Di Lapo, supra; People v Baker, 27 AD2d 269). The physical injury necessary for burglary in the second degree was inflicted at the point when the defendant grabbed his victim by the throat, threw her to the floor and banged her against the floor. The rape occurred subsequent thereto and was a separate act. The mere fact that there was a continuous course of activity here is insufficient to require concurrent sentences (see People ex rel. Tolbert v Murphy, 25 Misc 2d 647, affd 14 AD2d 484). Considering the fact that the victim here was 72 years old, it is clear that the defendant utilized far more force than was necessary to subdue her and it cannot be said that the injury inflicted was incidental to the rape and not separate and apart from it. Martuscello, J. P., Rabin, Cohalan and Hawkins, JJ., concur.