■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT SCANDELL, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Rockland County (Meehan, J.), imposed November 25, 1987, upon his conviction of manslaughter in the first degree (two counts), upon his plea of guilty, the sentence being two consecutive indeterminate terms of 8⅓ to 25 years' imprisonment.

Ordered that the sentence is affirmed.

The defendant was charged in an indictment with the crimes of murder in the second degree (four counts), robbery in the first degree (three counts) and grand larceny in the fourth degree. These charges arose from the defendant's shooting of his wife, Melanie Scandell, and his sister-in-law, Wendy Beam. Both victims died as a result of the wounds suffered in this attack. Subsequent to the attack, the defendant stole a car at gunpoint from two Catholic nuns. Following negotiations, the defendant withdrew his previously entered plea of not guilty and entered a plea of guilty to two counts of first degree manslaughter in full satisfaction of the indictment. The People indicated that the findings of two psychiatrists employed by the prosecution and the defense, respectively, to the effect that the defendant while not insane had committed the shootings while acting under an extreme emotional disturbance, compelled their acceptance of the defendant's plea to the lesser offenses.

On appeal the defendant contends that (1) the imposition of consecutive terms was illegal, and (2) the interest of justice warrants the imposition of concurrent terms in place of the consecutive terms so imposed. Contrary to the defendant's assertion, we conclude that the imposition of consecutive terms of imprisonment was not illegal. Although the two deaths may be said to have arisen from one incident involving a continuous course of action, the evidence adduced at a presentence hearing indicates that separate acts caused the deaths of the two victims and neither of these offenses was a material element of the other (see, Penal Law § 70.25 [2]; *People v Truesdell,* 70 NY2d 809, 811; *People v Brathwaite,* 63 NY2d 839, 843, *on remand* 106 AD2d 509). As the People correctly concede, if the evidence showed that the firing of a single shot caused the deaths of both victims then the imposition of consecutive sentences would be unlawful (see, *People v Brathwaite, supra).* However, the record belies the defendant's

claim that one shot may have caused both deaths. An FBI report submitted into evidence at the presentence hearing indicated that two shotshell casings were recovered. The defendant, in his own statement, indicated that he thought he had fired two shots. Also recovered from the crime scene were numerous pieces of the broken stock of a shotgun strewn about the floor, indicating a violent fight. The autopsy reports of both victims indicated injuries consistent with having been beaten with the stock of the shotgun. Indeed, a contributing cause of Wendy Beam's death was found to be a skull fracture. This evidence supports a conclusion that there were separate acts making out separate crimes (see, People v Di Lapo, 14 NY2d 170, 174, rearg denied 15 NY2d 678; People v McMillan, 61 AD2d 800).

Alternatively, the defendant argues that a single intent precipitated the offenses. Although we recognize that the Appellate Division, Fourth Department, will look to the motivating factor behind offenses to determine whether disparate acts are involved (People v Kelley, 25 AD2d 715; see also, People v Murphy, 115 AD2d 249, lv denied 67 NY2d 887), we decline to adopt this view. Rather, the test is whether separate acts were committed with the requisite criminal intent in determining whether consecutive sentences are appropriate (see, People v Baker, 27 AD2d 269, 272, affd 19 NY2d 982).

The sentence being lawful, modification thereof must rest upon the exercise of this court's interest of justice jurisdiction (see, CPL 470.15 [6] [b]). In mitigation of his crimes, the defendant points to the fact that he had no adult criminal record and was acting under extreme emotional disturbance when he committed the acts charged. Nevertheless, the crimes of which the defendant stands convicted involved particularly vicious attacks and the defendant substantially reduced his sentencing exposure by entering a plea of guilty. Under the circumstances, the interest of justice does not warrant a reduction in the sentence imposed. Mollen, P. J., Mangano, Thompson and Lawrence, JJ., concur.