OPINION OF THE COURT
Bellacosa, J.
After a jury trial and conviction, the Trial Justice sentenced defendant on four counts of criminal possession of a forged instrument and of stolen property to four concurrent terms, and on one count of attempted grand larceny to a term consecutive to the other terms. Defendant argues that the trial court was precluded by Penal Law § 70.25 (2) from imposing a consecutive sentence because the crimes of convic *210 tion were all part of the same act or, as the statute alternatively proscribes, because the possessory offenses were a material element of the attempted grand larceny count.
We hold that the criminal venture constituted more than a single act, and that by the terms of and within the clear meaning of the pertinent statutes, the possessory counts do not constitute material elements of the larceny count.
Trial testimony established that defendant Day, formerly a broker of precious metals and president of Morgan Numismatic Rarities, Inc. (MNR), received at least two checks with a value of approximately $221,000 from a "business associate”. The checks, which were originally drawn to the "City Collector”, had been stolen on March 29, 1985 by a bank employee and sold to Day’s "associate”. The payee in each instance was altered to "Intercity Collector’s Ent. Inc.” and the checks were endorsed, "Pay to the order of Morgan Numismatic Rarities, Inc.” They were deposited on April 2, 1985 in MNR’s bank account, at which point it was discovered they were stolen. On April 11, Day was arrested as he attempted to withdraw the entire balance of the MNR account.
Day was convicted of second degree attempted grand larceny, and of two counts each of first degree criminal possession of stolen property and second degree criminal possession of a forged instrument. The sentence was composed of four concurrent indeterminate terms of 2 Vs to 7 years for the possessory offenses to run consecutively with an indeterminate term of lJ/á to 4 years for the attempted grand larceny. The sentencing Justice reasoned that the latter was "a completely separate crime * * * that was attempted days after the actual criminal possession of [a] forged instrument and stolen property.”
The Appellate Division affirmed the judgment ensuing from this prosecution in New York County and we affirm that court’s order, sustaining the legality of the sentence rendered.
A sentence imposed upon "a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other * * * must run concurrently” (Penal Law § 70.25 [2]). Former Penal Law § 1938, the predecessor to Penal Law § 70.25, was construed by this court in People ex rel. Maurer v Jackson (2 NY2d 259, 264) as follows: "[T]hat if separate and distinct acts were committed, and that they violated more than one section of *211 the Penal Law, punishment for each of them would be proper although they arose out of a single transaction” (emphasis supplied). We reasoned further that if an act violates one statute and constitutes a legal component of a second crime, then the first offense would be a material element of the second and only single (i.e., concurrent) punishment would be permissible (id., at 264). The concept of a material element for sentencing purposes is thus discrete from its operation in the lesser included offense area (id., at 265; see, e.g., People v Catone, 65 NY2d 1003; People v Di Lapo, 14 NY2d 170; see also, People v Glover, 57 NY2d 61).
The legislative policy choice governing the exercise of judicial sentencing authority is rooted in the statutory words and definitions which prescribe a double disqualification against consecutive punishment. The defendant benefits if either prong is present, and the prosecution’s burden is to countermand both prongs. Reference to the fact-specific circumstances and proof of a crime to determine whether, under the second statutory prong, one offense is a material element of a second is not the test for consecutive sentencing purposes. To state the rule in the affirmative, the commission of one offense is a material element of a second for restrictive sentencing purposes if, by comparative examination, the statutory definition of the second crime provides that the first crime is also a necessary component in the legislative classification and definitional sense (see, People v Catone, 65 NY2d 1003, 1005, supra).
The core elements of the possessory offenses are "knowingly possesse[d] stolen property, with intent to benefit himself” and "with knowledge that it is forged and with intent to defraud, deceive or injure another, he utter[ed] or possesse[d] any forged instrument of a kind specified in section 170.10” (Penal Law former § 165.50; Penal Law § 170.25). Comparatively, for sentencing purposes in this case, a person is guilty of attempted grand larceny when he attempts to steal property over a specified amount (Penal Law § 110.00, former § 155.35). The statutory elements of the possessory offenses are categorically discrete from the larceny offense, and the absence of legislatively declared interdependence in their definitions is evident, compelling an interpretation that consecutive sentences are not forbidden here (People v Di Lapo, 14 NY2d 170, 174, supra; Penal Law § 70.25 [2]).
The court rejects defendant’s argument that a consecutive *212 sentence was barred because the crimes of conviction in this case arose from a single act. " 'The test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent’ ” (People v Baker, 27 AD2d 269, 272, affd 19 NY2d 982, quoting Morgan v Devine, 237 US 632, 640). Consecutive sentence is available "if the Legislature has seen fit to provide that up to a particular point the acts of the defendant constitute one crime and that the acts of the defendant, committed thereafter, constitute a second crime and that each series of acts constitutive] a separate crime” (People v Snyder, 241 NY 81, 83-84). The possessory offenses and the attempted grand larceny were "successive separate acts” (People v Tanner, 30 NY2d 102, 108; see, People v Underwood, 52 NY2d 882; Matter of Di Lorenzo v Murtagh, 36 NY2d 306).
Inasmuch as the crimes of conviction were the legal consequence of separate criminal acts, a consecutive sentence could be imposed if the alternative statutory hurdle is cleared — the possessory crimes must not be a material element of the larceny one. Objectively and statutorily they are not in this case, so "the converse of the rule specified in subdivision 2 [of Penal Law § 70.25] obtains, [and] consecutive sentences are authorized” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.25, at 308).
In a complementary view of this situation, it is also significant that factual or evidentiary interdependence of offenses is a discretionary feature which a sentencing court may, and indeed should, weigh in determining whether to forebear the legal and authorized consecutive sentence in favor of a concurrent one where warranted in a given set of individualized circumstances (People v Baker, 27 AD2d 269, 274, affd 19 NY2d 982, supra).
Sentencing courts, in the exercise of their unique judicial function in criminal proceedings, are wisely allocated wide latitude as they are recognized to be in a superior position to dispense proportionate and fair punishment (People v Farrar, 52 NY2d 302, 305-306). It is therefore consistent and compatible with that overarching principle for this court to interpret circumspectly a statute which delimits, in the power connotation as contrasted to the discretionary connotation, what a sentencing Judge can appropriately do. The Legislature did not withhold or withdraw power from the trial court to *213 sentence consecutively in these circumstances, recognizing, of course, that the sentencing court could search beneath the theoretical construct and classification of the statutes to the evidence and factual interrelationship in determining, within its sound discretion, whether to forebear the consecutive sentence and instead impose completely concurrent punishment for all of defendant’s adjudicated criminal liability. Thus, both the trial court and Appellate Division correspondingly possessed discretionary power to render the sentence fully concurrent if the facts had so warranted.
Appellant’s other arguments have been considered and do not warrant further discussion.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed.