■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SINGH, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Westchester County (Colabella, J.), rendered March 7, 1986, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court (Silverman, J.), entered January 22, 1992, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

Upon reviewing the defendant's motion pursuant to CPL 440.10 to vacate the judgment, we find nothing in the supporting papers to indicate that the defendant's plea was involuntarily given. The defendant's claim that his trial counsel coerced him to plead guilty is based in part upon his assertion that she misinformed him that his codefendant brother would testify against him, and that she erroneously informed him that he could receive consecutive sentences if convicted of robbery in the first degree and murder in the second degree as charged in the indictment. However, the defendant's trial counsel stated in her affirmation submitted in support of the motion that she had been informed that the defendant's brother had pleaded guilty and agreed to testify against the

defendant. Although the defendant's brother submitted an affidavit stating that he did not intend to testify against the defendant, he admitted that he had agreed to testify against the defendant as a condition of his plea agreement. Further, under the circumstances herein, the assertion of the defendant's counsel that he could be sentenced consecutively was not erroneous (see, People v Day, 73 NY2d 208, 211). The defendant's additional contention that his plea was coerced by a police investigator who told him that he could be prosecuted for other armed robberies is meritless. The defendant claimed at the plea proceedings that he had not been coerced in any way to plead guilty, and papers submitted in support of the motion pursuant to CPL 440.10 present no sound basis to contradict that assertion. We have considered the defendant's remaining arguments with respect to the motion pursuant to CPL 440.10, including those raised in his supplemental pro se brief, and find that they are without merit.

As part of his plea agreement, which he has not shown to have been coerced, the defendant knowingly and voluntarily waived his right to appellate review of the judgment of conviction and also withdrew any and all motions, whether pending or decided. Accordingly, the judgment of conviction is affirmed (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.