87 N.Y.2d 640 (1996)
664 N.E.2d 1212
642 N.Y.S.2d 150
The People of the State of New York, Respondent,
v.
Jose Laureano, Also Known as Eddie, Appellant.
Court of Appeals of the State of New York.
Argued January 4, 1996
Decided March 26, 1996.
Mitchell J. Briskey, New York City, Daniel L. Greenberg and Richard Joselson for appellant.
Robert M. Morgenthau, District Attorney of New York County, New York City (Sylvia Wertheimer and Eleanor J. Ostrow of counsel), for respondent.
Chief Judge KAYE and Judges TITONE, SMITH, LEVINE and CIPARICK concur with Judge SIMONS; Judge BELLACOSA dissents in a separate opinion.
*642 SIMONS, J.
The issue presented is whether Penal Law § 70.25 (2) requires that defendant be sentenced to concurrent sentences for convictions of manslaughter in the first degree and robbery in the first degree, when the same act caused the victim's serious physical injury (constituting a material element of robbery in the first degree) and his death (constituting the crime of manslaughter).
Defendant was indicted for two counts of murder in the second degree and two counts of robbery in the first degree arising from the robbery and death of Steven Zabel. As the result of a plea bargain, he pleaded guilty to one count of manslaughter in the first degree as a lesser included offense of intentional murder and one count of robbery in the first degree in satisfaction of all counts of the indictment. At the allocution to the manslaughter count, defendant admitted that while acting in concert with another, he intended to cause Steven Zabel serious physical injury and that he caused Zabel's death by cutting his throat. Addressing the robbery count, defendant admitted that he and his accomplice forcibly stole property *643 from Zabel and that they caused him serious physical injury during the commission of the robbery. Following the allocution the court imposed consecutive terms of imprisonment as the parties had agreed.
Defendant maintains that the sentences must run concurrently and are therefore illegal. He may advance that contention on appeal, notwithstanding his plea of guilty (see, People v Seaberg, 74 N.Y.2d 1, 9; People v Francabandera, 33 N.Y.2d 429, 434, n 2; People v Lopez, 28 N.Y.2d 148, 151-152).
The Penal Law provides that concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Thus, sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other (People v Catone, 65 N.Y.2d 1003, 1004-1005; see also, People ex rel. Maurer v Jackson, 2 N.Y.2d 259, 264). When consecutive sentences are imposed, the People are obligated to establish their legality (see, People v Day, 73 N.Y.2d 208, 211).
In determining whether concurrent sentences are required, the sentencing court must first examine the statutory definitions of the crimes for which defendant has been convicted (see, People v Day, 73 NY2d, at 211, supra; People v Catone, 65 N.Y.2d 1003, 1005, supra; see also, People v Di Lapo, 14 N.Y.2d 170, 172). Because both prongs of Penal Law § 70.25 (2) refer to the "act or omission," that is, the "actus reus" that constitutes the offense (see, Penal Law § 15.00 [1] [bodily movement]; Penal Law § 15.00 [3] [failure to act]), the court must determine whether the actus reus element is, by definition, the same for both offenses (under the first prong of the statute), or if the actus reus for one offense is, by definition, a material element of the second offense (under the second prong). If it is neither, then the People have satisfied their obligation of showing that concurrent sentences are not required (see, People v Day, 73 NY2d, at 211, supra; compare, People v Catone, supra; People v Young, 191 AD2d 605; People v Grant, 96 AD2d 867). If the statutory elements do overlap under either prong of the statute, the People may yet establish the legality of consecutive sentencing by showing that the "acts or omissions" committed by defendant were separate and distinct acts (see, People v Brown, 80 N.Y.2d 361, 364; People v Truesdell, 70 N.Y.2d 809, 811; People v Brathwaite, 63 N.Y.2d 839, 843; People v Di Lapo, supra).
*644 Defendant maintains that the offense of manslaughter in the first degree constitutes a material element of robbery in the first degree. The "act or omission" that constitutes manslaughter in the first degree is "caus[ing] the death of [a] person or of a third person" while intending to cause serious physical injury (Penal Law § 125.20 [1]). A person commits robbery in the first degree when he forcibly steals property and "in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime * * * [c]auses serious physical injury to any person who is not a participant in the crime" (Penal Law § 160.15 [1]). By definition, the act of causing death is subsumed within the element of causing serious physical injury (see, Penal Law § 10.00 [10]). Thus, the statutory comparison reveals that the act constituting manslaughter in the first degree can be a material element of robbery in the first degree, and accordingly, at this first analytical step, the People have failed to establish the legality of consecutive sentences.
The People maintain, however, that manslaughter in the first degree cannot constitute a material element of robbery in the first degree because the mental states of the two crimes do not match, and thus the whole of the manslaughter offense does not constitute any single material element of robbery in the first degree. But Penal Law § 70.25 (2) does not require incorporation of every element of the first offense into the material element of the other; the statute requires only incorporation of the "act or omission", that is, the bodily movement or failure to act that constitutes the offense (see, Penal Law § 15.00 [1], [3]; compare, Penal Law § 15.00 [6]).
The People next contend that concurrent sentences are not required because the crimes involved two separate and distinct acts. They must establish that claim by identifying the facts which support their view (see, People v Underwood, 52 N.Y.2d 882, 883). They may offer facts from the trial record where there has been a trial (see, People v Di Lapo, 14 NY2d, at 173, supra). and where defendant has pleaded guilty to one or more counts alleged in the indictment, they may rely on the allegations of those counts as well as the facts adduced at the allocution (see, People ex rel. Maurer v Jackson, 2 NY2d, at 263-264, supra). Where defendant has been convicted upon a plea to a lesser offense than that charged in the indictment, the People may rely only on those facts and circumstances admitted during the plea allocution (see, People v Griffin, 7 N.Y.2d 511, 515). Here, defendant pleaded guilty to the robbery *645 count charged in the indictment and manslaughter in the first degree as a lesser included offense of the intentional murder count. Thus, the People may rely on facts alleged in the indictment with respect to the robbery offense, but only the allocution with respect to the manslaughter offense.
When defendant was allocuted in this case, he admitted that he caused Zabel's death by cutting his throat and further admitted that he forcibly stole property from Zabel and caused him serious physical injury. The only admitted act relevant to an injury was the act of cutting the victim's throat. The robbery count of the indictment provided no additional facts. Thus, the People have advanced no facts supporting a view that Zabel's serious physical injury was caused by an act other than the homicidal act (compare, People v Tanner, 30 N.Y.2d 102, 108; People v Di Lapo, supra). Accordingly, the People have failed to establish that the act constituting the manslaughter offense was an act separate and distinct from that element of robbery in the first degree.
Given the penal statutes and facts involved in this case, the imposition of consecutive sentences for manslaughter and robbery was illegal. Because the People no longer request vacatur of defendant's guilty pleas if we find the sentences illegal, we have no occasion to consider whether vacatur would be a proper remedy when defendant has agreed to the sentence as part of a plea bargain. Defendant's sentences should be modified to run concurrently (see, People v Leabo, 84 N.Y.2d 952; People v Catone, supra).
Accordingly, the order of the Appellate Division should be modified to provide that defendant's sentences for manslaughter in the first degree and robbery in the first degree run concurrently and, as so modified, affirmed.
BELLACOSA, J. (dissenting).
I would uphold the consecutive sentences imposed by the trial court after defendant's guilty plea to lesser charges under a four-count indictment charging murder and other criminal acts. At the defendant's request, the People agreed to the lesser plea, and the Trial Justice approved the mutually beneficial bargain, which included the sentence particulars (see, CPL 220.30 [3] [a] [i]). The three-way consensus achieved by the essential participants at the trial level and the finality of this resolution of the criminal proceeding are nevertheless erased upon defendant's ultimate appeal to this Court, in which he now successfully attacks the legality of the agreed-to consecutive sentences (see, Penal Law § 70.25 [2]).
*646 My view of this case, which coincides with that of the two lower courts, rests on a more flexible sense of the governing legal principles as applied to this particular situation. Yet, I cannot disagree entirely with the taut logic of the statutory interlocks that forms the basis of the majority's interpretation, which significantly curtails sentencing courts' discretion under Penal Law § 70.25 (2). Ultimately, however, I vote to affirm so that I may respectfully express some additional guidance and special emphasis for the Bench and Bar so that they may reach more fruitful outcomes in future dispositions of such cases. Since the overwhelming number of criminal cases are disposed of by negotiated guilty pleas and sentencing bargains, all participants  particularly overburdened trial courts charged with approving such resolutions  must guard against the delayed overturnings that are built-in at the very same time that these cases are "finally" settled by the parties at the trial level. Thus, trial courts must undertake an extra measure of probity and in-depth examination of the governing principles as applied to the nuanced features of each plea deal.
Part of my difficulty with this case and its serious precedential and practical consequences is that I am not persuaded that the crime of manslaughter in the first degree inevitably constitutes an element of the crime of robbery in the first degree for purposes of the restrictions prescribed in Penal Law § 70.25. The determination that courts in these circumstances need examine only the actus reus of manslaughter  the physical act of the homicide  to determine whether it "in itself" constituted the "serious physical injury" element of robbery in the first degree (majority opn, at 643), misses the functional objective of the plain language of Penal Law § 70.25 (2) and of this Court's precedents. That section provides:
"When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences * * * must run concurrently" (Penal Law § 70.25 [2] [emphasis added]).
In my view, the statute states and contemplates that the "act or omission" must in its entirety constitute one of the crimes for which a conviction adheres, while at the same time constituting one element of the other crime for which there has also been a conviction (see, People v Day, 73 N.Y.2d 208, 211; see also, People v Catone, 65 N.Y.2d 1003, 1005).
*647 While the statutory definitions of "act" and "omission" do refer only to "actus reus" conduct (see, Penal Law § 15.00 [1], [3]), this Court's precedents and Penal Law § 70.25 (2) nevertheless mandate that the "act or omission" comprise the entire first offense and an element of the second one (see, People v Day, supra; People v Catone, supra; People ex rel. Maurer v Jackson, 2 N.Y.2d 259, 264). Therefore, the entire crime of manslaughter in the first degree should not be deemed an element of robbery in the first degree for purposes of the sentencing limitation at issue here. To be classified as such, the statutory definition of the manslaughter offense would have to encompass "a necessary component in the legislative classification and definitional sense" (People v Day, supra, at 211). Yet, manslaughter in the first degree contains an additional element, namely "intent to cause serious physical injury" (Penal Law § 125.20 [1]), which does not inexorably encompass a "necessary component" of the crime of robbery in the first degree. Instead, that crime is elevated to the first degree by the actual causing of "serious physical injury" with no corresponding requirement of intent to cause such injury (see, People ex rel. Maurer v Jackson, supra, at 265). Thus, these crimes are  or should be deemed  legally distinct for the purposes of this curtailment of judicial sentencing authority.
Moreover, the aggravating element of robbery in the first degree in this case is that the defendant "[c]auses serious physical injury" (Penal Law § 160.15 [1]). For purposes of the sentencing restriction and as commonly understood, though, "death" is different (Penal Law § 125.20 [1]) and does not, by tautological compulsion, always have to equate with "serious physical injury" as otherwise generally defined by Penal Law § 10.00 (10). That section defines "serious physical injury" in part as "physical injury * * * which causes death" (Penal Law § 10.00 [10]). The "death" element of manslaughter, by contrast, ensues when the perpetrator actually "causes the death of such person" (Penal Law § 125.20 [1] [emphasis added]). While these two ingredients share similarities, they are not, in essence, the same. It need not be held that causing the death of another individual is identical to causing serious physical injury, even if that injury results in the death of the victim. The act, to be sure, started an inexorable process that ultimately caused death, but at some later temporal and naturally attenuated point. In this case, for purposes of a sentencing limitation statute, the intended causation of serious physical injury by the act of slitting the victim's throat can be *648 treated as factually and conceptually distinct from the victim's ultimate death.
It should not be overlooked in this regard that the Trial Justice in this very case possessed the discretion to impose concurrent sentences for the two serious crimes that constituted the lesser plea and sentence deal made by the parties. That deviation from the parties' agreement, however, would have required the prosecutor's consent. Thus, Trial Judges will have to be skeptically vigilant concerning all the theoretical permutations that will have to be exhaustively examined before any consecutive sentence arrangements are approved, even when parties appear before sentencing courts in total agreement, with what appears to be a reasonable, fair and final resolution of criminal proceedings.
Finally, to illustrate but one of the peculiar anomalies that may be wrought by this unnecessary restriction on trial court sentencing authority, I point out the diametrically different outcome if, instead of pleading guilty to robbery in the first degree, the defendant had agreed to plead guilty to robbery in the third degree, the lowest degree of robbery (Penal Law § 160.05). In that circumstance, consecutive sentences for robbery, third degree, and manslaughter, first degree, would not be legally forbidden, because causing serious physical injury to another is not an element of robbery in the third degree (Penal Law § 160.05). What a strange statute Penal Law § 70.25 turns out to be when it allows a trial court to use the greater consecutive sentence regimen for a criminal who admits to committing only a simple robbery, but forbids it for one who additionally admits to a more serious robbery that includes causing serious physical injury. I do not believe that the Legislature could have intended such a topsy-turvy result or the many other incongruous combinations that will unfold (see, McKinney's Cons Laws of NY, Book 1, Statutes § 92, at 176). Yet, that is what the rationale of this case projects for the future operation and application of this sentencing restriction statute.
In the end, defendant is allowed to keep the benefit of the lesser plea bargain, and yet belatedly escape from the agreed-upon sentence, the minimum of which is cut nearly in half by being reduced from 15 years to 8 1/3 years. I conclude with the observation that this case is not about plea bargaining as such, or disproportionate prosecutorial power, or even defendants' rights and protections in that arena. It is simply about judicial sentencing discretion, the legislative effort to restrict it in a narrow range of circumstances, and this Court's constricting *649 interpretation of the pertinent statute as applied to this and like fact patterns.
Order modified in accordance with the opinion herein and, as so modified, affirmed.