[906 NE2d 370, 878 NYS2d 642]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TAVERAS, Appellant.

Argued January 6, 2009; decided February 11, 2009

### POINTS OF COUNSEL

*Legal Aid Society, Criminal Appeals Bureau,* New York City (*Arthur H. Hopkirk* and *Steven Banks* of counsel), for appellant. The imposition of a sentence for criminal sexual act in the third degree to run consecutively to consecutive sentences for two counts of falsifying business records in the first degree was ille-

gal because the record fails to establish that the "criminal sexual act" offense was not a material element of one of the consecutively-sentenced falsifying business records counts. (*People v Parks*, 95 NY2d 811; *People v Duffy*, 231 AD2d 586; *People v Laureano*, 87 NY2d 640; *People v Day*, 73 NY2d 208; *People ex rel. Maurer v Jackson*, 2 NY2d 259; *People v Rosas*, 8 NY3d 493; *People v Charles*, 61 NY2d 321; *Arbegast v Board of Educ.*, 65 NY2d 161; *People v Robinson*, 95 NY2d 179; *Phelps v People*, 72 NY 365.)

*Robert M. Morgenthau, District Attorney*, New York City (*Sheryl Feldman* and *Mary C. Farrington* of counsel), for respondent. Since defendant's act of engaging in sex with a minor involved an act separate and distinct from falsifying business records, consecutive sentences are proper, even if the record showed that defendant's only intent was to conceal that crime, which it does not. (*People v Ramirez*, 89 NY2d 444; *People v Di Lapo*, 14 NY2d 170; *People v Arroyo*, 93 NY2d 990; *People v Laureano*, 87 NY2d 640; *People v Day*, 73 NY2d 208; *People v Rosas*, 8 NY3d 493; *People v Salcedo*, 92 NY2d 1019; *People v Ramirez*, 89 NY2d 444; *People v Brown*, 80 NY2d 361; *People v Truesdell*, 70 NY2d 809.)

## OPINION OF THE COURT

GRAFFEO, J.

In this case, we hold that the actus reus underlying the crime of criminal sexual act in the third degree does not constitute a "material element" of falsifying business records in the first degree. We therefore agree with the Appellate Division that the sentencing court's imposition of consecutive sentences for these crimes does not violate Penal Law § 70.25 (2).

Defendant Juan Taveras, an assistant principal at a high school in Manhattan, sexually abused a number of students from June 2003 until July 2004. The pattern of conduct primarily involved defendant fondling several boys. He also performed oral sex on a 14-year-old student at his apartment. In an effort to induce the boys not to reveal these activities, defendant falsified the records of a summer youth employment program so that the boys were paid for work they did not perform.

Eventually, the boys disclosed defendant's sexual activities with them and a 134-count indictment was filed against defendant, charging him with eight felonies and 126 misdemeanors. Specifically, the felony charges consisted of one count of criminal sexual act in the third degree (predicated on the oral sex

crime) and seven counts of falsifying business records in the first degree. The remaining misdemeanor counts included 33 counts of forcible touching and third-degree sexual abuse; four counts of endangering the welfare of a child; seven counts of attempted forcible touching and attempted third-degree sexual abuse; six counts of fourth-degree tampering with a witness and second-degree obstructing governmental administration; and 30 counts of second-degree falsifying business records. Defendant fled to the Dominican Republic but was involuntarily returned to the United States and charged with second-degree bail jumping in a separate indictment.

After plea negotiations, the People agreed to allow defendant to plead guilty to six felonies—one count of criminal sexual act in the third degree (Penal Law § 130.40 [2]), four counts of falsifying business records in the first degree (Penal Law § 175.10) and the bail jumping charge (Penal Law § 215.56)—and five misdemeanors (three counts of forcible touching [Penal Law § 130.52] and two counts of attempted forcible touching [Penal Law §§ 110.00, 130.52]). The plea agreement was based on the understanding that defendant would not be sentenced to a prison term exceeding 4 to 12 years.

Defendant thereafter pleaded guilty to the 11 agreed-upon counts in full satisfaction of both indictments. During his allocution, defendant admitted that he molested or attempted to molest five named students on various dates between June 2003 and July 2004 and that he engaged in oral sex with a sixth named student between January and July 2004. He further acknowledged falsifying the employment records of his victims on four separate occasions in July 2004 to "conceal" his sexual activity with the boys. Finally, defendant admitted that he had violated bail restrictions.

At sentencing, the court imposed an aggregate term of 4 to 12 years in prison. To accomplish this result, the court sentenced defendant to $1^{1}/_{3}$ to 4 years for each of the six felony convictions, running two of the sentences for the first-degree falsifying business records counts and the sentence on the third-degree criminal sexual act count consecutively to one another and concurrently to the remaining sentences. The court also issued orders of protection directing defendant to avoid contact with his victims.

Defendant appealed, arguing that the consecutive sentence for criminal sexual act in the third degree was illegal under

Penal Law § 70.25 (2) and that his aggregate sentence should be reduced to 2²/₃ to 8 years. The Appellate Division modified to the extent of vacating both the assessment of a supplemental sex offender fee and certain provisions of the orders of protection, but otherwise affirmed (46 AD3d 399 [2007]). A Judge of this Court granted defendant leave to appeal (10 NY3d 844 [2008]).

The Penal Law provides that concurrent sentences are mandatory "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Pursuant to this directive, we have recognized that consecutive sentences may not be imposed "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]). Under either prong of the statute, the People bear the burden of demonstrating the legality of consecutive sentences.

In resolving whether concurrent sentences are required, "the sentencing court must first examine the statutory definitions of the crimes for which defendant has been convicted" (*id.*). And in undertaking this review, we have observed:

> "Because both prongs of Penal Law § 70.25 (2) refer to the 'act or omission,' that is, the '*actus reus*' that constitutes the offense, the court must determine whether the *actus reus* element is, by definition, the same for both offenses (under the first prong of the statute), or if the *actus reus* for one offense is, by definition, a material element of the second offense (under the second prong). If it is neither, then the People have satisfied their obligation of showing that concurrent sentences are not required" (*id.* [citations omitted]).

Defendant concedes that the first prong of the statute is not applicable in this case, but maintains that the second prong bars consecutive sentencing for his third-degree criminal sexual act conviction. Relying on *People v Catone* (65 NY2d 1003 [1985]), he contends that the offense of criminal sexual act in the third degree constitutes a material element of one of the consecutive first-degree falsifying business records counts because he falsified the relevant employment record with the

intent to conceal the criminal sexual act.[1] We disagree with his analysis.

In *Catone*, defendant struck and killed a girl in a pedestrian crosswalk, reduced his speed for a moment and then sped away. Following a jury trial, he was convicted of second-degree manslaughter and felony leaving the scene of an accident, and was sentenced to consecutive terms of imprisonment. On appeal, we held that concurrent sentences were required under Penal Law § 70.25 (2), reasoning that reckless manslaughter was a material element of leaving the scene of an accident without reporting because an element of the latter crime, as it was then defined, required that a person cause the death of another through his own culpable conduct.

Here, examining the elements of the two crimes at issue, third-degree criminal sexual act is committed when a defendant who is 21 years old or more engages in oral sexual conduct with a person under the age of 17 (*see* Penal Law § 130.40 [2]). The actus reus is oral sexual conduct. A person is guilty of first-degree falsifying business records when "he commits the crime of falsifying business records in the second degree, and when his intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof" (Penal Law § 175.10).[2] The relevant actus reus is the creation of a false entry in a business record (*see* Penal Law § 175.05 [1]). Unlike *Catone*, the statutory definition of the second crime does not render the first crime "a necessary component in the legislative

---

**1.** Defendant correctly observes that neither the indictment nor the plea colloquy specify what particular sex crimes were concealed by each of the four false employment record entries. Therefore, it must be presumed that one of the consecutive falsifying business records counts was premised on defendant's intent to conceal the crime of third-degree criminal sexual act (*see People v Parks*, 95 NY2d 811, 815 [2000]).

**2.** Penal Law § 175.05 provides:

"A person is guilty of falsifying business records in the second degree when, with intent to defraud, he:

"1. Makes or causes a false entry in the business records of an enterprise; or

"2. Alters, erases, obliterates, deletes, removes or destroys a true entry in the business records of an enterprise; or

"3. Omits to make a true entry in the business records of an enterprise in violation of a duty to do so which he knows to be imposed upon him by law or by the nature of his position; or

"4. Prevents the making of a true entry or causes the omission thereof in the business records of an enterprise."

classification and definitional sense" (*People v Day*, 73 NY2d 208, 211 [1989]).

We also reject defendant's contention that a separate crime automatically becomes a material element of falsifying business records in the first degree whenever the People rely on the "intent to conceal" prong of that statute on the theory that concealment, as opposed to an intent to commit another crime or aid in the commission thereof, presupposes a prior completed crime. Read as a whole, it is clear that falsifying business records in the second degree is elevated to a first-degree offense on the basis of an enhanced intent requirement—"an intent to commit another crime or to aid or conceal the commission thereof"—not any additional actus reus element (Penal Law § 175.10). Furthermore, there is no indication that the Legislature intended to treat the components of first-degree falsifying business records differently, allowing consecutive sentences when a defendant makes a false entry with the intent to commit or aid in the commission of another crime, but not when a defendant performs the same action with the intent to conceal an entirely separate crime. We therefore conclude that the statutory elements of the felony sex offense are categorically discrete from the falsifying business records offense, and that "the absence of legislatively declared interdependence in their definitions is evident, compelling an interpretation that consecutive sentences are not forbidden here" (*Day*, 73 NY2d at 211).

Accordingly, the order of the Appellate Division should be affirmed.

Acting Chief Judge CIPARICK and Judges READ, SMITH, PIGOTT and JONES concur.

Order affirmed.