■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JED CONNALLY, Appellant.—Judgment, Supreme Court, New York County (Frank Blangiardo, J., at *Wade* hearing; James Leff, J., at trial and sentence), rendered on January 11, 1985, which convicted defendant of robbery in the first and second degrees and unlawful imprisonment in the first degree and sentenced him to concurrent 12½-to-25- and 7½-to-15-year prison terms on the robbery counts and a consecutive 2-to-4-year term on the unlawful imprisonment count, affirmed.

Defendant, aided by two accomplices, robbed John Parker, a

parking lot attendant, at gunpoint. After they had completed the robbery, the men led Parker up a ramp to a higher level of the parking garage, where they forced open the trunk of a parked car and then stuffed Parker in that trunk and locked him in. Several hours later the police arrived and freed Parker. Connally was subsequently arrested when found driving a car that had been taken from the garage. Parker picked out photographs of defendant and his cohorts from a photo array shown him by detectives. Later, Parker identified Connally in a lineup, and then at trial. Defendant was indicted and tried for the crimes of robbery in the first and second degrees, arising from the robbery of Parker, and unlawful imprisonment in the first degree, arising from the locking of Parker in the trunk of the car.

Defendant's guilt was proven beyond a reasonable doubt. The claim that the victim's identification of the defendant at the lineup was suggestive and tainted by the allegedly suggestive photo array conducted months earlier is not supported by the record, and the *Wade* motion was properly denied. Nor is there any merit to the appellant's added suggestion that the testimony of a detective at trial concerning the composition of the lineup "inferentially bolstered" Parker's identification testimony.

In addition, defendant's claim that the imposition of a consecutive sentence for the unlawful imprisonment conviction was illegal is without merit. Consecutive sentences are prohibited only "where the offenses are committed through a single act or omission" or "where an act or omission constitutes both one of the offenses and a material element of the other" *(People v Catone,* 65 NY2d 1003, 1005; *see also,* Penal Law § 70.25 [2]). After completing the robbery, defendant and his cohorts left the victim locked in the trunk of a car, where he remained for several hours barely able to breathe. Such prolonged detention goes far beyond the force necessary for the completion of the robbery. Therefore, two separate criminal acts were committed, and the imposition of consecutive sentences was not improper *(see, People v Day,* 73 NY2d 208). That the two crimes are part of a single transaction, as the dissent argues, is of no moment since the "single incident or transaction" test applies only to definite sentences. (Penal Law § 70.25 [3].)

We have examined the remaining points in the appellant's brief and *pro se* supplemental brief and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross and Ellerin, JJ.

Rosenberger, J., dissents in a memorandum as follows: I cannot agree that defendant was properly sentenced to consecutive rather than concurrent prison terms. According to the testimony of the complaining witness, John Parker, the robbery had not been completed before Parker was locked in the trunk of a car. To the contrary, he stated on direct examination that after he had been locked in the trunk "I heard cars moving around and heard horns honking." In addition to the watch and money which were taken from Parker's person, the robbers also stole a television from the garage office and two cars from the garage. The indictment charged the theft of money and property, without specifying what the personal property was. Although demanded, no bill of particulars was filed by the District Attorney, and no voluntary disclosure form identifying the property stolen appears in the record. However, the prosecutor in his summation referred to the "automobiles taken from the garage", and that the defendant was found less than two weeks after the robbery "driving the Mercedes Benz that was stolen from the Parker's garage." The court charged that an owner "means any person who has a right to possession superior to that of the taker" and that "the property that was in the custody of John Parker included automobiles that were in his possession that the defendant stole."

From the evidence presented, the prosecutor's summation, and the court's instruction to the jury, it is clear that the larcenies were not complete when Parker was locked into the car trunk, and thus, the robbery and the unlawful imprisonment were part of a single transaction or event, requiring concurrent rather than consecutive sentences (Penal Law § 70.25 [2]; *People v Nalo,* 91 AD2d 957 [1st Dept 1983]; *People v Short,* 69 AD2d 985, 986 [4th Dept 1979]). Indeed, the People concede in their brief on appeal that "these crimes arose out of a single transaction". While it is clear from the nature of these crimes that no leniency is warranted, nevertheless the law mandates concurrent and not consecutive sentences.