■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH CURRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Eggito, J.), rendered February 27, 1985, convicting him of rape in the first degree (three counts), sodomy in the first degree (two counts), sexual abuse in the first degree (seven counts), and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The proof at trial established that at 11:00 P.M. on January 1, 1983, the 19-year-old defendant assaulted the two complainants, who are sisters, at knifepoint, while the women were on their way to a party at a Brooklyn social club. For approximately the next three hours, the defendant held the women at his mercy, threatening them and alternately raping, sodomizing, sexually abusing, and robbing each of them, first in an alleyway and then in the basement of a building.

During the lengthy ordeal, the complainants observed the defendant, at times from only inches away, in the artificial light emanating from nearby buildings, streetlights, and passing cars. Approximately one month after the crimes, each woman independently selected the defendant from among five others in a lineup. After a *Wade* hearing, the court held that the police procedures employed during the lineup identifications were proper in all respects and denied suppression of the identifications.

The defendant contends that the People failed to prove beyond a reasonable doubt his identity as the individual who had committed the crimes against the women. We disagree. Such a challenge to the legal sufficiency of the evidence requires this court to view the evidence in a light most favorable to the People, giving the People the benefit of every favorable inference to be drawn therefrom, to determine whether any rational trier of fact could have found the essential elements of the charged crimes beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, 319; *People v Lewis,* 64 NY2d 1111, 1112; *People v Contes,* 60 NY2d 620, 621). Viewed in that light, the evidence of the complainants'

opportunities to observe the defendant over a substantial period of time, as well as their ability to identify him in a lineup and at trial, was legally sufficient to support his conviction.

Under the circumstances of this case, the defendant's sentences were in all respects proper *(see, People v Day,* 73 NY2d 208; *People v Connally,* 160 AD2d 272; *People v Suitte,* 90 AD2d 80, 86).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.