THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASANOVA, Also Known as LOUIS GONZALEZ, Appellant.—

The defendant was arrested when he was found hiding in the basement of an abandoned warehouse after being chased to that location by neighbors of the complaining witness. Based on the totality of information known to the arresting officer we have concluded that there was probable cause to arrest him *(see, People v Bigelow,* 66 NY2d 417).

That branch of the defendant's omnibus motion which was to suppress identification testimony was also properly denied. The accidental viewing of the defendant's photograph by the complaining witness was not the product of any suggestive or improper police conduct. In any event, since the complaining witness had an ample opportunity to view the defendant at close quarters for a five-minute period during the crime, there is no danger of a mistaken identification, and suppression is not required *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Bookhart,* 117 AD2d 739; *People v Crutchfield,* 111 AD2d 346).

The comments made by the Trial Judge to the defense counsel did not deprive the defendant of a fair trial since the

Judge did not interfere with the presentation of the defendant's case and the remarks did not show any bias against the defendant or otherwise indicate that the Judge had any opinion as to the merits of the case (see, People v Moulton, 43 NY2d 944; People v De Jesus, 42 NY2d 519).

The defendant's guilt was proven beyond a reasonable doubt (see, People v Foster, 64 NY2d 1144, cert denied — US —, 106 S Ct 166). Further, we see no reason to modify the sentence imposed by the trial court.

We have reviewed the defendant's remaining contentions, including those made in his pro se supplemental brief, and have concluded that they are either unpreserved or without merit. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.