■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SCOTT, Appellant. [602 NYS2d 684] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered January 5, 1989, convicting him of robbery in the first degree (three counts), assault in the second degree (six counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the convictions of robbery in the first degree under count 10 and assault in the second degree under counts 13 and 16 of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on counts 10, 13, and 16 of the indictment.

The defendant contends that the admission into evidence of the testimony of Carlos Zeno given at the earlier trial of the codefendant, Bradley Wilkerson, pursuant to CPL 670.10, violated the defendant's constitutional right to confrontation. This issue is unpreserved for appellate review *(see, People v Fleming,* 70 NY2d 947). However, as a matter of discretion in the interest of justice, we find that the testimony was improperly admitted *(see, People v Simmons,* 36 NY2d 126). This testimony constituted important evidence of the defendant's guilt as to counts 10, 13, and 16 of the indictment, charging the defendant with one count of robbery of Carlos Zeno and two counts of assault of Carlos Zeno. Therefore, a new trial is warranted as to those three counts.

The defendant contends that it was reversible error for the prosecutor to ask a defense witness, on cross-examination, if he was aware that the codefendant was serving a life sentence. The court sustained the defense counsel's objection and instructed the jury to disregard the question. The defendant posed no further objection. Thus, the defendant failed to preserve the issue for appellate review, and it must be assumed that the court cured any error to the defendant's

satisfaction *(see, People v Medina,* 53 NY2d 951). Similarly, the defense counsel's motion for a mistrial, on the day following the completion of the witness's cross-examination, was insufficient to preserve the issue for appellate review *(see, People v Okon,* 184 AD2d 664). In any event, in light of the overwhelming evidence of the defendant's guilt, any error committed was harmless *(see, People v Crimmins,* 36 NY2d 230).

The defendant also contends that the court erred in referring to the indictment as "evidence". However, the trial transcript has since been resettled to read "Now, since the indictment is not a piece of evidence". Thus, the issue is without merit.

The imposition of a consecutive term of imprisonment for assault in the second degree was not improper because, as charged in the instant case, assault in the second degree is not a material element of robbery in the first degree *(see,* Penal Law § 120.05 [2]; § 160.15 [4]). We find that the defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, without merit. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.