■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MACK, Appellant. [631 NYS2d 58] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered August 11, 1992, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant, who was jointly tried with the codefendant Vernon Ricks, correctly argues that his absence from sidebar conferences at which prospective jurors were questioned regarding pretrial publicity the case had received mandates reversal under the dictates of *People v Sloan* (79 NY2d 386; *see also, People v Ricks,* 218 AD2d 820 [decided herewith]).

For purposes of a new trial, we find that the court properly instructed the jury that the accomplice status of the witness Gibbs was a question of fact *(see, People v Ricks, supra).* We also find that the court properly admitted evidence of uncharged crimes *(see, People v Ricks, supra).* The defendant was not prejudiced by the loss or destruction of Police Officer Urbanski's original notes and therefore the court properly did not impose a sanction on the People *(see, People v Wallace,* 76 NY2d 953). The evidence at the pretrial hearing was sufficient to show that the witnesses and the defendant were known to each other and that the precinct showup and photo array were merely confirmatory. Therefore, it was not necessary to hold a separate hearing to explore the issue of the witnesses' familiarity with the defendant *(cf., People v Rodriguez,* 79 NY2d 445). Finally, the court did not err in permitting the defense to

utilize only the underlying facts, but not the disposition, of witness Ellenbrook's juvenile adjudication to impeach his credibility (cf., People v Mickens, 202 AD2d 292).

Because we remit this matter for a new trial, we need not reach the defendant's remaining contentions. Bracken, J. P., Rosenblatt and Ritter, JJ., concur.

Goldstein, J., concurs in the result only, for reasons stated in the concurring memorandum in People v Ricks ( 218 AD2d 820 [decided herewith]).