■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HALL, Appellant. [638 NYS2d 732] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered March 23, 1994, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence, the law, and the circumstances of this case, when viewed in their totality at the time of the representation, indicate that defense counsel provided the defendant with meaningful representation (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137). When, as in this case, a defendant receives an advantageous plea agreement and the record does not cast doubt on the apparent effectiveness of counsel, the defendant is deemed to have been furnished with meaningful representation (see, People v Boodhoo, 191 AD2d 448). Moreover, it is well settled that the failure to make a particular motion does not, by itself, establish the ineffectiveness of counsel. To prevail, a defendant must demonstrate the absence of a strategic or legitimate explanation for counsel's failure to make the motion (see, People v Rivera, 71 NY2d 705; People v Wells, 187 AD2d 745). Since the defendant failed to make such a showing, it is presumed that his counsel acted in a competent manner and exercised appropriate judgment by not making an omnibus motion (see, People v Rivera, supra). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.