■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLISON RAMDHAN, Appellant. [663 NYS2d 260] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered May 22, 1996, convicting her of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree, criminal possession of a weapon in the fourth degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The fact that a witness has previously been adjudicated a youthful offender may not be elicited in order to impeach that witness's credibility, because such an adjudication is technically not a conviction (*see, People v Cook,* 37 NY2d 591; *People v Vidal,* 26 NY2d 249). The defendant argues that the prosecutor violated this rule by asking a defense witness whether he remembered pleading guilty to, and being sentenced for, a prior "attempted robbery", questions to which the defense witness responded in the affirmative. For the following reasons, we do not agree that this circumstance, alone or in conjunction with other claimed violations of this rule, warrants reversal.

Defense counsel initially objected to the proposed line of questioning by asserting that the attempted robbery related to a "juvenile history * * * in which [the] matter was dismissed in Family Court", an assertion which the defendant, on appeal, concedes was "technically incorrect". However, we note that the prosecutor had initially also mischaracterized the youthful offender adjudication, terming it a robbery. The trial court was therefore not timely advised that the prior criminal proceedings against the witness resulted in a youthful offender adjudication. After allowing the witness to respond to the questions relating to his prior plea and sentence, the trial court repeatedly instructed the prosecutor to "go [on] to something else", and effectively precluded inquiry into the facts underlying the prior youthful offender adjudication.

Under the circumstances of this case, including those outlined above, we conclude that the error complained of does not require reversal. The People correctly point out that the witness could properly have been cross-examined as to the actual acts underlying the youthful offender adjudication (*see, People v Gray,* 84 NY2d 709, 711-712; *People v Greer,* 42 NY2d 170, 176; *People v Footman,* 233 AD2d 405; *People v Mack,* 218 AD2d 816, *affd* 89 NY2d 318). The evidence of guilt may properly be characterized as overwhelming. Even assuming that the error noted above was properly preserved for appellate review, which is at the very least questionable, we find that the error was harmless, and thus that a new trial is not warranted.

The defendant's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.