■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BELLINGER, Appellant. [680 NYS2d 191] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered May 24, 1995, convicting defendant, after a jury trial, of two counts of robbery in the third degree, and sentencing him to concurrent terms of 3½ to 7 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The record supports the hearing court's finding that the accidental station house viewing of defendant by one of the victims resulted from the victim's failure to follow police instructions and was not a suggestive police-arranged identification procedure (*see, People v Clark*, 85 NY2d 886, 889; *People v Nimmons*, 177 AD2d 444, *lv denied* 79 NY2d 922).

According due deference to the court's assessment of the defense attorney's proffered explanation for the peremptory challenge that was disallowed, we find that the court properly concluded that the explanation was pretextual (*People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352). Concur—Sullivan, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN PALAES, Appellant. [677 NYS2d 475] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on or about May 30, 1996, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.