■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL CORDES, Appellant. [705 NYS2d 270] —Appeal by the defendant from three judgments of the Supreme Court, Queens County (Flaherty, J.), all rendered February 6, 1997, convicting him of robbery in the first degree under Indictment No. 952/96, robbery in the third degree under Indictment No. 1226/96, and robbery in the first degree under Indictment No. 2463/96, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's pro se motions to withdraw his previously-entered pleas of guilty (see, CPL 220.60 [3]). The defendant's claims that he was innocent and that he was coerced into pleading guilty are belied by the record (see, People v Charles, 256 AD2d 472; People v Brown, 251 AD2d 677; People v Hernandez, 236 AD2d 557). His further contention that he did not understand the consequences and nature of his pleas because he was receiving medication for severe depression was first raised in his motion to reargue his motion to withdraw his pleas of guilty. A motion to reargue does not afford an unsuccessful party an opportunity to advance arguments different from those proffered in the original application (see, People v Lopez, 235 AD2d 496; Foley v Roche, 68 AD2d 558, 567). In any event, the defendant's conclusory assertion is belied by the record of the plea allocutions (see, People v Ochoa, 179 AD2d 689; People v Irizzary, 125 AD2d 589; People v Bangert, 107 AD2d 752).

Furthermore, the defendant's application for substitution of counsel on the grounds of ineffective assistance of counsel and conflict of interest was properly denied (see, People v Sawyer, 57 NY2d 12, 18-19, cert denied 459 US 1178; People v Sider, 232 AD2d 666; People v Cunningham, 134 AD2d 273). The defendant failed to demonstrate that counsel did not provide meaningful representation (see, People v Baldi, 54 NY2d 137), especially in view of the favorable pleas he received under the three indictments at issue and the dismissal of a fourth indictment (see, People v Gillyard, 237 AD2d 302; People v Fiumefreddo, 188 AD2d 546, affd 82 NY2d 536). Moreover, the

defendant's bald assertion that there was a conflict of interest between him and his attorney was insufficient to justify granting his application for substitution of counsel. O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.