■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERICK EVERETTE, Appellant. [715 NYS2d 644] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruditzky, J.), rendered May 6, 1999, convicting him of robbery in the third degree and attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the imposition of consecutive sentences was illegal (see, Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640). Moreover, the defendant received the effective assistance of counsel (see, *People v Scalzo,* 249 AD2d 494; *People v Hall,* 224 AD2d 710). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN FORD, Appellant. [715 NYS2d 644] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Demakos, J.), rendered April 23, 1998, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court, imposed February 9, 1999, modifying the sentences imposed for criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement he made to law enforcement officials.

Ordered that the judgment and the amended sentence are affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statement to detectives while he was incarcerated on an unrelated charge. The record supports the finding of the Supreme Court that the defendant's statement was voluntarily made after the defendant knowingly and intelligently waived his *Miranda* rights (see, *People v Vasquez,* 90 NY2d 972).

The defendant's remaining contentions are without merit. Santucci, J. P., Sullivan, Friedmann and Smith, JJ., concur.