■ The People of the State of New York, Respondent, v Jerome Curry, Appellant. [731 NYS2d 1] —Judgments, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Michael Obus, J., at jury trial and sentence), rendered March 17, 1998, convicting defendant of attempted murder in the second degree, assault in the first and second degrees, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), and sentencing him to an aggregate term of 35 years, and judgment, same court and Justices, rendered August 13, 1998, convicting defendant of murder in the second degree, robbery in the first and second degrees, and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 25 years to life, consecutive to the sentences imposed on the March 17, 1998 judgments, unanimously affirmed.

At his first trial, defendant was convicted with respect to two separate shooting incidents, and at his second trial defendant was convicted with respect to a third shooting incident which resulted in the death of the victim. Defendant's motion to suppress his oral, written and videotaped statements regarding these three incidents was properly denied.

The record establishes that defendant did not refuse to speak with the investigating officers or otherwise indicate that he did not want to cooperate with the police. Rather, he waived his rights and offered an oral account of his actions on the night of one of the shootings, which included responding to the clarifying questions asked of him by the officers, and his refusal to sign a written statement did not constitute an invocation of his right to remain silent so as to prohibit the police either from asking him about either that particular incident or the other two events (*see, People v Hendricks*, 90 NY2d 956; *People v Hicks*, 69 NY2d 969). Similarly, while defendant initially provided no information about the homicide, he never maintained that he was unwilling to speak with the police regarding the homicide at any time.

In any event, to the extent that defendant may be viewed as having invoked his right to cut off questioning as to any of the incidents, the police scrupulously honored that right. The police were not precluded from obtaining a statement from defendant many hours later following the administration of a new set of *Miranda* warnings (*see, Michigan v Mosley*, 423 US 96). Accordingly, none of defendant's statements were obtained in violation of his right to remain silent.

Furthermore, none of defendant's statements were the product of unnecessary delay in arraignment (*see, People v Hopkins*, 58 NY2d 1079). Defendant was not questioned at a time when his arraignment was imminent, and the approximately 30-hour interval between his arrest and the point at which he made his final incriminating statements did not constitute an excessive delay given the extensive, rapidly expanding police investigation involving multiple shootings, defendants and witnesses (*see, People v Irons*, 285 AD2d 383; *People v Haywood*, 280 AD2d 282).

Defendant's motion to suppress identification testimony was properly denied. The record establishes that a victim's accidental viewing of defendant's photograph was the unavoidable product of the victim's unexpected arrival at the police station (*see, People v Clark*, 85 NY2d 886, 888-889; *People v Powell*, 269 AD2d 178, *lv denied* 94 NY2d 951; *People v Bellinger*, 253 AD2d 701, *lv denied* 92 NY2d 1028).

Based on the totality of the existing record, we conclude that defendant received meaningful representation at all of the proceedings at issue (*see, People v Benevento*, 91 NY2d 708, 713-714).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental

brief. Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.