■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LIVOTTI, Appellant. [739 NYS2d 637] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered September 28, 1999, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record of the *Rodriguez* hearing (*see People v Rodriguez,* 79 NY2d 445), supports the hearing court's determination that the jewelry store worker who purchased jewelry from the defendant on several occasions was sufficiently familiar with him that her identification of him from a photograph was merely confirmatory (*see People v Rodriguez, supra; People v Gissendanner,* 48 NY2d 543; *People v Simmons,* 247 AD2d 494; *People v Ortega,* 237 AD2d 108).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOU MARTIN, Also Known as JOE BROWN, Appellant. [739 NYS2d 638] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blackburne, J.), rendered March 31, 2000, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he received the effective assistance of counsel (*see People v Ford,* 86 NY2d 397; *People v Baldi,* 54 NY2d 137; *People v Cordes,* 270 AD2d 430; *People v Scalzo,* 249 AD2d 494; *People v Hall,* 224 AD2d 710).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.