THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EINSTEIN LIMA, Appellant. [768 NYS2d 647]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered June 5, 2001, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the complainant's identification testimony. The complainant spontaneously identified the defendant when he inadvertently discovered a photograph of the defendant which had been left inside a police detective's case folder, but had not been selected for inclusion in a photo array. This accidental viewing was not the product of any suggestive or improper police conduct (see People v Curry, 287 AD2d 252 [2001]; People v Nunez, 216 AD2d 494 [1995]; People v Acosta, 181 AD2d 577 [1992]; People v Casanova, 124 AD2d 813 [1986]). In any event, the evidence presented at the hearing established that the complainant was sufficiently familiar with the defendant that his photographic identification was merely confirmatory (see People v Rodriguez, 79 NY2d 445 [1992]; People v Reid, 300 AD2d 511 [2002]; People v Livotti, 293 AD2d 490 [2002]; People v Kemp, 255 AD2d 397 [1998]; People v Mack, 218 AD2d 816 [1995]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.