■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CANNON, Appellant. [787 NYS2d 231]—

Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered February 14, 2003, convicting defendant, after a jury trial, of kidnapping in the second degree and robbery in the second degree, and sentencing him, as a persistent violent felony

offender, to concurrent terms of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The record supports the hearing court's finding that the victim's accidental viewing of defendant in custody was not a police-arranged identification procedure (*see People v Clark*, 85 NY2d 886, 888-889 [1995]; *People v Powell*, 269 AD2d 178 [2000], *lv denied* 94 NY2d 951 [2000]; *People v Bellinger*, 253 AD2d 701 [1998], *lv denied* 92 NY2d 1028 [1998]). Rather than being an identification procedure, this incident was the unavoidable result of the unanticipated circumstances in which the victim arrived at a room where defendant was being held. In any event, the record also supports the court's finding that the victim's in-court identification was based on an independent source, and we would find any error in admitting the accidental viewing to be harmless.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's sentence as a persistent violent felony offender was triggered solely by his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Tom, Saxe, Friedman and Sweeny, JJ.