█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROBLES, Appellant. [824 NYS2d 686]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered July 12, 2004, convicting him of attempted murder in the first degree (three counts), attempted murder in the second degree (two counts), conspiracy in the second degree, conspiracy in the fourth degree, assault in the first degree (six counts), burglary in the first degree (two counts), burglary in the second degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O., at hearing; Grosso, J., on decision), of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities, physical evidence, and identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the hearing court improperly denied that branch of his omnibus motion which was to suppress identification testimony. The evidence presented at the *Rodriguez* hearing (*see People v Rodriguez,* 79 NY2d 445 [1992]), established that the complainant was sufficiently familiar with the defendant that his photographic identification was merely confirmatory (*see People v Rodriguez, supra; People v Livotti,* 293 AD2d 490 [2002]).

The defendant's contention that the People failed to prove his identity as one of the perpetrators by legally sufficient evidence is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, res-

olution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's claims in point two of his brief, and in point three of his supplemental pro se brief, are without merit. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.