OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed, on the law, and upon reargument defendant’s motion to dismiss the information denied, information reinstated, and matter remanded to the court below for all further proceedings.
Defendant was charged with violating section 2703.9.8 (1) of the New York State Uniform Fire Prevention and Building Code. Prior to trial, defendant moved to dismiss the information arguing, in part, that since the Nassau County Fire Prevention Ordinance is enforced and has not been repealed, the Uniform Code never became effective within Nassau County. The court, in an order dated January 21, 2005, granted defendant’s motion and dismissed the information. Thereafter, the court granted the subsequent applications by the People for reargument. In both instances, the court, by orders dated July 21, 2005 and November 15, 2005, adhered to its original decision. The People appeal from so much of the November 15, 2005 order as, upon reargument, adhered to the prior determination.
The New York State Uniform Fire Prevention and Building Code Act (Executive Law, art 18, §§ 370-383) was promulgated in 1981 to “provide for a minimum level of protection from the hazards of fire in every part of the state” (Executive Law § 371 [2] [a]) and to “provide a basic minimum level of protection to all people of the state from hazards of fire and inadequate building construction” (Executive Law § 371 [2] [b]). In order to achieve this goal, the Legislature sought to “reconcile the myriad existing and potentially conflicting regulations which apply to different types of buildings and occupancies” (Executive Law § 371 [2] [b] [1]) and, recognizing that “fire prevention and fire prevention codes are closely related to the adequacy of building construction codes” (Executive Law § 371 [2] [b] [2]), also sought to have fire prevention and building construction concerns addressed under a single uniform code “to be in full *24 force and effect in every area of the state” (Executive Law § 371 [2] [c]). The Legislature created, within the Department of State, a state fire prevention and building code council and empowered it with authority to formulate a uniform fire prevention and building code which was to take effect on January 1, 1984 (Executive Law §§ 374, 377, 378). In order to continue regulation of these areas during the period between the effective date of the act and the effective date of the Uniform Code, the act provided that the state building construction code and the state building conservation and fire prevention code were to remain applicable in every local government that does not have in effect a building or fire prevention code. The act further provided that said codes shall be applicable in every local government that had a building code in effect but which repealed said code prior to the effective date of the Uniform Code (see Executive Law § 373 [1]).
Contrary to the opinion of the court below, section 373 (1) was only intended to ensure continuous regulation between the period commencing March 1, 1982 through January 1, 1984. Executive Law § 379 (4) addresses the situation where, as here, the local government already had an existing code in place when the Uniform Code became effective. Section 379 (4) provides that within 120 days of the effective date of the Uniform Code, “a local government may by resolution duly enacted petition the council for a determination as to whether an existing building and/or fire code in force in said local government is more stringent than the uniform code.” Under section 379 (4), the local code remains effective during the pendency of the petition, but if the code council determines that the local code is less stringent, the Uniform Code becomes applicable after notice is given to the local government. If the code council determines that the local code is not less stringent, then the local code continues “in full force and effect until the council, upon its own initiative, reviews such local code and determines it is no longer more stringent,” in which case the Uniform Code will apply (Executive Law § 379 [4]).
The foregoing, however, should not be construed to provide that the Uniform Code and the Nassau County Fire Prevention Ordinance cannot coexist. Documentation annexed to the People’s motion papers, including a letter dated June 5, 2005, the authenticity of which was not contested, noted that the code council confirmed Nassau County’s petition to the extent of declaring that the sections of the ordinance that are more *25 stringent, the same as, or not addressed in the Uniform Code may be applied. The code council noted that as to those sections of the ordinance that are less stringent, the Uniform Code shall apply. Since the Nassau County Fire Prevention Ordinance does not have a comparable section to the section of the Uniform Code that defendant is charged with violating, the code council has, in effect, deemed the Uniform Code applicable. The code council’s decision is supported by sections 379 and 383 of the Executive Law. Section 383 (1) states that the provisions of the Uniform Fire Prevention and Building Code Act and the Uniform Code shall “supersede any other provision of a general, special or local law, ordinance, administrative code, rule or regulation inconsistent or in conflict therewith” (emphasis supplied). (An exception is for cities with a population in excess of one million people with an existing code in place [Executive Law § 383 (1) (c)].) Section 379 (4) of the Executive Law provides a mechanism that allows a local governmental ordinance that is not less stringent to remain in effect.
In view of the foregoing, it is apparent that both the Nassau County Fire Prevention Ordinance and the Uniform Code, to the extent noted above, are applicable in Nassau county. Since the section of the Uniform Code under which defendant was charged is more stringent than the Nassau County Fire Prevention Ordinance, dismissal of the information charging a violation of the Uniform Code was not warranted.
We further note, contrary to defendant’s contention, that the court did not improvidently exercise its discretion when it granted the People’s second motion for reargument. A motion for reargument is addressed to the sound discretion of the court and may be granted upon a showing that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (CPLR 2221 [d] [2]; William P. Eahl Equip. Corp. v Kassis, 182 AD2d 22 [1992]; Foley v Roche, 68 AD2d 558 [1979]). Although CPLR 2221 does not expressly prohibit successive motions to reargue, its purpose is not designed to permit an unsuccessful party to argue once again the issues previously decided (McGill v Goldman, 261 AD2d 593 [1999]). However, in view of the effect the decision would have on the citizens of Nassau County, and since the moving papers established that the court misconstrued the law in dismissing the information, the granting of the People’s successive motions for reargument did not, under the circumstances, constitute an improvident exercise of the court’s discretion (cf. McGill v Goldman, 261 AD2d at 594).
*26 Defendant’s final contention is that the instant prosecution is barred by the dismissal of a prior information charging defendant with the same violation based on the same facts after sworn testimony had been taken. The minutes of that court’s decision (Christopher G. Quinn, J.) indicate that “defendant’s motion was granted just at the outset of the trial,” based upon a “jurisdictional sufficiency [sic]” of the information. The People then filed a second information, the instant accusatory instrument. Since the dismissal of the first information did not constitute an adjudication on the facts going to defendant’s guilt or innocence, the People were not barred from reprosecuting defendant (see People v Kurtz, 51 NY2d 380, 386 [1980], cert denied 451 US 911 [1981]; People v Key, 45 NY2d 111 [1978]).
In view of the foregoing, the order, insofar as appealed from, is reversed, and, upon reargument, defendant’s motion to dismiss the information is denied, the information reinstated and the matter remanded to the court below for all further proceedings.
Rudolph, PJ., McCabe and Lippman, JJ., concur.