■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BULLIP, Appellant. [872 NYS2d 284]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered December 5, 2006, convicting him of robbery in the third degree and attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the imposition of consecutive sentences was not illegal (*see* Penal Law § 70.25 [2]; *People v Eddie,* 87 NY2d 640 [1996]; *People v Everette,* 277 AD2d 250 [2000]). The People met their burden of establishing that the act constituting the offense of attempted assault in the second degree is not a material element of the offense of robbery in the third degree as there is no overlap in the statutory definitions of those two offenses (*see* Penal Law §§ 110.00, 120.05 [2]; § 160.05; *People v Day,* 73 NY2d 208, 211 [1989]; *People v Catone,* 65 NY2d 1003, 1005 [1985]; *People v Everette,* 277 AD2d 250 [2000]; *People v Scott,* 197 AD2d 646, 647 [1993]; *see also People v Eddo,* 55 AD3d 922 [2008]). The commission of

an act constituting attempted assault in the second degree (*see* Penal Law §§ 110.00, 120.05 [2]) is not a material element of robbery in the third degree (*see* Penal Law § 160.05) for restrictive sentencing purposes since, by comparing the two statutory provisions, the definition of robbery in the third degree does not provide that an attempted assault is a necessary component in the "legislative classification and definitional sense" (*People v Day*, 73 NY2d at 211; *see People v Catone*, 65 NY2d 1003, 1005 [1985]).

In addition, the People properly relied upon the defendant's factual allocution and the counts as alleged in the superior court information to demonstrate that the offenses involved two separate and distinct acts (*see People v Eddie*, 87 NY2d 640, 644 [1996]; *People v Day*, 73 NY2d at 212; *see also People ex rel. Maurer v Jackson*, 2 NY2d 259, 264-266 [1957]; *People v Blount*, 47 AD3d 825 [2008]; *cf. People v Underwood*, 52 NY2d 882, 883 [1981]). Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.