■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. BLACK, Appellant. [911 NYS2d 78]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Kahn, J.), rendered February 19, 2009, convicting him of operating a motor vehicle while under the influence of alcohol (two counts), aggravated unlicensed operation in the first degree (four counts), resisting arrest, operating a vehicle with a child less than four years old in the back seat of a motor vehicle not properly restrained in a child seat, and stopping upon the main-traveled portion of a highway under indictment No. 1553/08, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered February 19, 2009, revoking a sentence of probation previously imposed by the County Court, Nassau County (Ayres, J.), upon his admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous convictions of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation in the first degree under indictment No. 8006/09.

Ordered that the judgment and the amended judgment are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of operating a motor vehicle while under the influence of alcohol. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that certain comments made by the prosecutor during summation were improper (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Johnson*, 64 AD3d 616 [2009]). In any event, a review of the challenged comments reveals that they were either responsive to defense counsel's summation or fair comment on the evidence (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Crawford*, 54 AD3d 961, 962 [2008]; *People v Charlton*, 27 AD3d 658 [2006]).

The County Court properly ruled that the People could question the defendant on cross-examination, if he were to testify at trial, concerning his prior convictions for operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle, by allowing the People to solely inquire if the defendant had ever been convicted of a felony or a misdemeanor (*see People v Walker*, 83 NY2d 455, 459 [1994]; *People v Hagin*, 238 AD2d 714 [1997]). Furthermore, the County Court properly limited the cross-examination of the defendant to the facts underlying his youthful offender adjudication by confining the inquiry only to the underlying facts (*see People v Cook*, 37 NY2d 591, 595 [1975]; *People v Harripersaud*, 4 AD3d 375 [2004]; *see generally People v Ramdhan*, 243 AD2d 657 [1997]; *People v Ruiz*, 205 AD2d 647 [1994]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contention is without merit. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.