■ In the Matter of ANTHONY J. CARTER, DDS, P.C., Appellant, v ROBERT W. CARTER, Respondent. [916 NYS2d 821]—

In a corporate dissolution proceeding, the petitioner appeals from (1) an order of the Supreme Court, Richmond County (Maltese, J.), dated July 30, 2009, which granted the respondent's motion for leave to reargue a prior motion for a refund of postjudgment interest which accrued on a judgment dated April 6, 2001, entered in its favor and against the respondent, which motion had been denied in an order dated February 5, 2009, and, upon reargument, in effect, vacated the order dated February 5, 2009, and granted the motion to the extent of relieving the respondent of any obligation to pay postjudgment interest that accrued between April 6, 2001, and March 10, 2003, and (2) a judgment of the same court dated August 17, 2009, which, upon the order dated July 30, 2009, is in favor of the respondent and against it in the total amount of $19,758, representing the interest the respondent had paid during the period in question.

Ordered that the appeal from the order dated July 30, 2009, is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the respondent's motion for leave to reargue is denied, the determination in the order dated February 5, 2009, is reinstated, and the order dated July 30, 2009, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). While the determination to grant leave to reargue a motion lies within the sound discretion of the court (*see Barnett v Smith*, 64 AD3d 669, 670-671 [2009]; *Long v Long*, 251 AD2d 631 [1998]; *Loland v City of New York*, 212 AD2d 674 [1995]), a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*McGill v Goldman*, 261 AD2d 593, 594 [1999]; *see Woody's Lbr. Co., Inc. v Jayram Realty Corp.*, 30 AD3d 590, 592-593 [2006]; *Foley v Roche*, 68 AD2d 558, 567-568 [1979]). Here, the movant, the respondent Robert W. Carter, made no effort to demonstrate to the Supreme Court in what manner it had either overlooked or misapprehended the relevant facts or law, and included on his reargument motion facts not offered on the prior motion. Accordingly, it was an improvident exercise of discretion to grant leave to reargue (*see V. Veeraswamy Realty v Yenom Corp.*, 71 AD3d 874 [2010]).

In light of our determination, we do not reach the appellant's remaining contentions. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31710(U).]**