The People of the State of New York, Respondent, v William C. Tate, Appellant. [924 NYS2d 285]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered June 25, 2010, convicting him of murder in the second degree and aggravated sexual abuse in the second degree, upon his plea of guilty, and sentencing him to consecutive terms of 25 years to life imprisonment on the conviction of murder in the second degree and five years imprisonment with a period of 20 years of postrelease supervision on the conviction of aggravated sexual abuse in the second degree.

Ordered that the judgment is modified, on the law, by vacting the period of 20 years of postrelease supervision imposed on the conviction of aggravated sexual abuse in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for the imposition of a new term of postrelease supervision.

Contrary to the defendant's contention, the imposition of consecutive sentences in this case was not illegal (*see* Penal Law § 70.25 [2]). The People met their burden of establishing that the act constituting the offense of aggravated sexual abuse in the second degree was not a material element of the offense of murder in the second degree, and constituted a separate and distinct act (*see* Penal Law § 125.25 [4]; § 130.67 [1] [c]; *People v Taveras*, 12 NY3d 21, 25 [2009]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Bullip*, 59 AD3d 561 [2009]; *People v*

*Billinger*, 204 AD2d 562 [1994]; *People v Sceravino*, 193 AD2d 824, 826 [1993]).

The defendant pleaded guilty with the understanding that he would receive the sentence of imprisonment that was thereafter actually imposed, and has no basis now to complain that his sentence of imprisonment was excessive (*see People v Bunn*, 79 AD3d 1143 [2010], *lv denied* 16 NY3d 829 [2011]; *People v Kazepis*, 101 AD2d 816 [1984]). However, as the People correctly concede, the term of postrelease supervision imposed exceeds the statutorily authorized maximum (*see* Penal Law § 70.45 [2-a] [b]). Thus, the illegal term of postrelease supervision must be vacated, and the matter remitted to the County Court, Dutchess County, for the imposition of a new term of postrelease supervision. Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.