■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GARCIA, Appellant. [30 NYS3d 845]—Appeals by the defendant from (1) a judgment of the County Court, Dutchess County (Forman, J.), rendered November 19, 2013, convicting him of robbery in the first degree under indictment No. 10/13, upon his plea of guilty, and imposing sentence, (2) a judgment of the same court, also rendered November 19, 2013, convicting him of burglary in the second degree under indictment No. 121/12, upon his plea of guilty, and imposing sentence, and (3) a judgment of the same court rendered November 20, 2013, convicting him of burglary in the second degree under Superior Court information No. 244/13, upon his plea of guilty, and imposing sentence. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress identification testimony. The complaining witness's accidental viewing of the defendant's photograph was not the product of any suggestive or improper police conduct (*see People v Lima*, 2 AD3d 754, 754 [2003]; *People v Curry*, 287 AD2d 252, 253 [2001]; *People v Casanova*, 124 AD2d 813, 813 [1986]).

The County Court did not improvidently exercise its discretion in denying the defendant's motion pursuant to CPL 200.20 (3) (a) to sever the two robbery charges under indictment No. 10/13, as he failed to establish good cause that they should be tried separately (*see People v Ford*, 11 NY3d 875, 879 [2008]; *People v Martinez*, 69 AD3d 958, 959 [2010]; *People v Smith*, 64 AD3d 619, 620 [2009]; *People v Cox*, 298 AD2d 461, 461 [2002]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Hall, J.P., Roman, Cohen and Connolly, JJ., concur.