■ VIEDYA SABRINA FERGUSON, Individually and as Administratrix of the Estate of RAYMOND A. FERGUSON, JR., Deceased, Respondent, v DAVID LAFFER et al., Defendants, and STAN XUHUI LI et al., Appellants. [52 NYS3d 394]—

In an action, inter alia, to recover damages for wrongful death, etc., (1) the defendant Family Medical Practice of Bay Shore, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated March 6, 2015, as (a) granted that branch of the plaintiff's motion which was for leave to reargue her opposition to its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been granted in an order of the same court dated August 19, 2014, and, upon reargument, in effect, vacated that portion of the order dated August 19, 2014, and thereupon denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (b) granted that branch of the plaintiff's motion which was to direct it to produce copies of the medical records of the defendants David Laffer and Melinda Brady, and (2) the defendant Stan Xuhui Li and the defendants Eric

Jacobson and Eric Jacobson, M.D., P.C., separately appeal, as limited by their respective briefs, from so much of the order dated March 6, 2015, as granted that branch of the plaintiff's motion which was to direct each of them to produce copies of the medical records of the defendants David Laffer and Melinda Brady.

Ordered that the order dated March 6, 2015, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with one bill of costs payable to the appellants appearing separately and filing separate briefs, that branch of the plaintiff's motion which was for leave to reargue her opposition to the prior motion of the defendant Family Medical Practice of Bay Shore, P.C., for summary judgment dismissing the complaint insofar as asserted against it is denied, and that branch of the plaintiff's motion which was to direct the defendants Family Medical Practice of Bay Shore, P.C., Stan Xuhui Li, Eric Jacobson, and Eric Jacobson, M.D., P.C., to produce copies of the medical records of the defendants David Laffer and Melinda Brady is denied.

The defendants David Laffer and Melinda Brady conspired to commit a robbery at Haven Drugs Pharmacy, where Raymond A. Ferguson, Jr. (hereinafter the decedent), was employed as a pharmacist. During the robbery, Laffer shot and killed the decedent. Ultimately, Laffer was convicted of murder in the first degree, and Brady was convicted of robbery in the first degree. In this action, the plaintiff, as the administratrix of the decedent's estate, and individually, alleges that in the years leading up to these crimes, the defendant physicians had prescribed Laffer and Brady excessive amounts of addictive prescription pain medications, that Laffer and Brady became addicted to these medications, and that they committed their crimes as a result of their addictions.

The defendant Family Medical Practice of Bay Shore, P.C. (hereinafter Family Medical), moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated August 19, 2014, the Supreme Court granted that motion. The plaintiff then moved, inter alia, for leave to reargue her opposition to Family Medical's prior summary judgment motion, and to direct Family Medical and the defendants Stan Xuhui Li, Eric Jacobson, and Eric Jacobson, M.D., P.C. (hereinafter Jacobson, P.C.), to produce copies of the medical records of Laffer and Brady. In an order dated March 6, 2015, the court granted leave to reargue and upon reargument, in effect, vacated that portion of the August 19, 2014, order granting Family Medical's summary judgment motion and

thereupon denied that motion. The court also granted that branch of the plaintiff's motion which was to direct Family Medical, Li, Jacobson, and Jacobson, P.C., to produce copies of the medical records of Laffer and Brady. Family Medical, Li, and Jacobson and Jacobson, P.C., separately appeal from the order dated March 6, 2015.

The Supreme Court improvidently exercised its discretion in granting reargument, as the court did not overlook or misapply the applicable law in granting Family Medical's motion for summary judgment dismissing the complaint insofar as asserted against it in the order dated August 19, 2014 (see CPLR 2221 [d] [2]; Matter of Anthony J. Carter, DDS, P.C. v Carter, 81 AD3d 819, 820 [2011]).

In addition, the Supreme Court erred in granting that branch of the plaintiff's motion which was to direct Family Medical, Li, Jacobson, and Jacobson, P.C., to produce copies of the medical records of Laffer and Brady. Contrary to the plaintiff's contention raised before the Supreme Court, disclosure of those medical records under CPLR 4504 is prohibited because neither Laffer nor Brady waived the physician-patient privilege (see CPLR 4504 [a]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.