People v Simonelli (2024 NY Slip Op 50810(U))

[*1]

People v Simonelli

2024 NY Slip Op 50810(U)

Decided on June 4, 2024

Criminal Court Of The City Of New York, Kings County

Torres, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 4, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Phillip Simonelli, Defendant.

Docket No. CR-032702-23KN

Eric Gonzalez, District Attorney, Kings County, Victoria Rubino, A.D.A
The Legal Aid Society, Ana Melendez Franco, Esq., of counsel for the Defendant

Patrick Hayes Torres, J.

The People submitted a Motion for Leave to Reargue pursuant to CPLR 2221 (d) to reargue this Court's decision dated March 12, 2024, which granted defendant's motion to invalidate the People's Certificate of Compliance ("COC") and Statement of Readiness ("SOR") and to dismiss the accusatory instrument. The People's motion to reargue is denied.
Background
On September 5, 2023, defendant was arraigned and charged with multiple violations of Vehicle and Traffic Laws including, Vehicle and Traffic Law §1192 (3), Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, an unclassified misdemeanor, which has a 90-day speedy trial time. See CPL 30.30 (1) (b); VTL § 1193(1)(b)(i). On November 22, 2023 (77th day), the People filed and served off calendar, a COC and SOR, along with a Superseding Information ("SSI") adding the charge of Vehicle Traffic Law 600 (1) (A)-Leaving the Scene of An Incident Without Reporting. 
On December 1, 2023 (86th day), the People filed a second SOR through the EDDS system. In conjunction with the second SOR, the People attached to the back of the SOR, a Motion to Dismiss the charge of Vehicle Traffic Law 600 (1) (A) - Leaving the Scene of An Incident Without Reporting. Ironically, the People were dismissing the very same charge that was added on their SSI filed on November 22, 2023. The motion to dismiss was not filed independently of the SOR and therefore was not labeled as a motion within the Electronic Document Delivery System ("EDDS"). Since the Notice of Motion was incorrectly labeled as a SOR, it was not assigned to a judge and the ministerial act of dismissing the charge was not performed until after the filing of the motion to dismiss.
On January 5, 2024, the defense filed a motion to dismiss, and the People filed their opposition on January 26, 2024. Notably, the People's filed 3 supplemental certificate of compliances ("SCOC") prior to filing their opposition and 1 additional SCOC after the filing of their opposition papers, none of which detailed the basis for the belated disclosures.
On March 5, 2024, the People submitted a Second Memorandum of Law without leave of Court. In the Second Memorandum of Law, the People argued that the time for the motion to [*2]dismiss was excludable pursuant to CPL § 30.30(4)(a) without proving case law. 
After considering the arguments by both the People and defense, on March 15, 2024, the Court granted defendant's motion to invalidate the People COC/SOR as illusory and dismissed the accusatory instrument pursuant to CPL 30.30(1)(b). The Court in its calculation of speedy trial time did not view the People's Motion to Dismiss a Count as an exclusion under CPL 30.30(4)(A).
DISCUSSION
Since the Criminal Procedure Law does not have a provision that governs a Motion for Leave to Reargue, this court will be guided by Civil Procedure Law and Rules ("CPLR"). According to CPLR Rule 2221(d)(2) a motion for leave to reargue must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion." CPLR 2221(d) (2). In keeping with the statute, a motion for leave to reargue should only be granted" upon a showing that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law. People v. Ocean Institutional Industries, Inc, 15 Misc 3d 22, 25 (App Term, 9th & 10th Jud. Dist. 2007); People v Trump, 82 Misc 3d 1233[A] (Sup. Ct., New York County, 2024); People v Smith, 79 Misc 3d 649, 659-60 (Sup. Ct., Queens County 2023); People v Jean Baptiste, 70 Misc 3d 706, 708 (Crim. Ct., Kings County 2020). Nevertheless, a trial court judge in a criminal case has the inherent power to correct its own mistakes which includes the power to grant leave to reargue. People v. Bauza, 78 Misc 3d 1222 (A) (Sup. Ct. Kings County 2023); People v. DeFreitas, 48 Misc 3d 569 (Crim. Ct., Kings County 2015). The "determination to grant leave to reargue lies within the sound discretion of the court". Matter of Anthony J. Carter, DDS, P.C. v. Carter, 81 AD3d 819, 820 (2d Dep't 2011); People v Cordes, 270 AD2d 430 (2nd Dep't 2000).
"[T]he purpose of a motion to reargue is to offer the unsuccessful party an opportunity to persuade the court to change its decision, not provide second change to more strenuously advance its argument or present an argument that it initially did not." People v. Lawrence, 38 Misc 3d 1204(A) (Sup. Ct., Bronx County 2012). A motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented. Ahmed v. Pannone, 116 AD3d 802, 805 (2d Dep't 2014); Matter of Anthony J. Carter, DDS, P.C. v. Carter, 81 AD3d 819, 820 (2d Dep't 2011). People v Cordes, 270 AD2d 430 (2nd Dep't 2000).
The Court finds that the People failed to provide a basis for the court to grant leave to reargue. The People failed to raise any matters of fact that the Court overlooked or misapprehended. Instead, the People argue that the Court's decision misapprehended the holding in People v Thomas, 59 Misc 3d 64 [App. Term, 1st Dept. 2018]
In denying the People's motion to reargue, this Court finds that it did not misapply the holding of People v. Thomas. To the contrary, when this Court reached its decision in granting defendant's motion to dismiss it relied on Thomas along with People v Collins, 82 NY2d 177, 181 (1993) as well as People v M.V. 79 Misc 3d 448 (Crim. Ct., Kings County 2023); People v S.E.,79 Misc 3d 1233 (A) (Crim. Ct., Queens County 2023) to conclude that the People's Motion to Dismiss a Count of Vehicle Traffic Law 600 (1) (A), Leaving the Scene of An Incident [*3]Without Reporting, on the 87th day was not excludable under CPL 30.30 (4) (a). 
The People in their motion to reargue submit that their motion to dismiss a count is within the exclusion of time under CPL 30.30 (4) (a) and cite to People v Roebuck, 279 AD2d 350 (1st Dep't 2001; People v Solano, 206 AD3d 432 (1st Dept 2022) and People v Conley, 24 Misc 3d 1203(A) (1st Dept 2009), for courts that found motions excludable under 30.30(4A). The Court found the People's argument unpersuasive. Those cases required the Court to schedule motion dates; responses to be submitted by the opposing party; and the Court to consider and weigh on the parties' papers to arrive at a decision. In contrast, the People's motion to dismiss a count did not necessitate the Court to conduct a motion schedule, require a response from the defense or have the Court contemplate a decision unlike a motion for Protective Order or Motion to Reargue. The People's motion to dismiss a count was a ministerial application taking this motion outside CPL 30.30 (4) (a) exclusion. Thus, charging the People time.
Moreover, the People on several court dates, had the opportunity to inform the Court that a motion was outstanding or provide the Court with a courtesy copy to alert the Court a motion was outstanding but instead remained hushed, while they filed 4 supplemental certificates of compliances. The People remained silent until the Court was about to issue its decision when they submitted the bare bone Memorandum of Law on March 5, 2024.
In the instant case, the Court determined that the Motion to Dismiss a Count did not require the Court to conduct a motion schedule; the defense to respond to the motion, or the Court to deliberate the matter at hand. As the Court stated in Collins, CPL 30.30(4)(a) generally refers to delays attributable to responding to and deciding motions. Collins at 181; See People v. Zayas, 82 Misc 3d 1244(A) (Crim. Ct. Bronx County 2024). Clearly, People's motion to dismiss a count fell outside the exclusion of CPL 30.30(4)(a). The People's Motion to Dismiss the Count in this matter was only ministerial and to be adjudicated in Criminal Court. It was a motion that neither compelled a response from the defense nor required litigation time nor did it require time to contemplate a decision. Thus, the People's motion to Dismiss the Count was outside of CPL 30.30 (4) (a).
The People in its motion to reargue also sought to advance a new argument that was not originally presented in their opposition papers dated January 29, 2024, and March 5, 2024. The People claimed in passing in the last paragraphs of its motion to reargue, that the 8-day adjournment period of October 11, 2023, to October 19, 2023, was excludable time. The People erroneously claimed this new allegation was included in their original affirmation in opposition dated January 26, 2024, and March 5, 2024. The People, failed to submit court minutes that the adjournment of October 11, 2023, to October 19, 2023, was excludable time.
The People's argument was disingenuous. The People in their original opposition papers dated January 26, 2024, conducted their speedy trial calculation in their procedural history. The People concluded that the 8-day adjournment period of October 11, 2023, to October 19, 2023, was charged to the People. Although in their opposition of January 26, 2024, the People incorrectly stated that they were charged 41 days as of October 19, 2024, when it was 44 days.
Moreover, the People conceded in their procedural history that the adjournment from October 11, 2023, to October 19, 2023, was for defendant's eligibility for public defender services and for the People's filing of their certificate of compliance and statement of readiness. Thus, indicating that the adjournment was not excludable since the adjournment was for People's statement of readiness, which had yet to be filed. People's motion to reargue does not provide them with an opportunity to advance arguments different from those proffered in the original [*4]application. See People v Cordes, 270 AD2d 430 (2nd Dep't 2000); CPLR 2221(d)(2).
The People's motion to reargue is denied.
The foregoing constitutes the opinion, decision, and order of the Court.
June 4, 2024
Brooklyn, New York 
E N T E R:
Patrick Hayes Torres, J.C.C.