■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL THOMPSON, Appellant. [1 NYS3d 72]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 15, 2014, convicting defendant, after a jury trial, of falsifying business records in the first degree and offering a false instrument for filing in the first degree, and sentencing him to a fine of $750 and three days of community service, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

Defendant's claim that the evidence supporting the falsifying business records conviction was legally insufficient is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The evidence demonstrated that defendant made a false entry on a form

regarding his purported disposal of a firearm, and that he did so with the intent to commit or conceal his unlawful possession of the firearm (*see* Penal Law § 175.10). The People were not required to establish that defendant committed, or was convicted of, the crime he intended to conceal (*see People v McCumiskey*, 12 AD3d 1145 [2004]; *see also People v Taveras*, 12 NY3d 21 [2009]). Concur—Tom, J.P., Friedman, Acosta, Saxe and Kapnick, JJ.